■ Honolee Bomser, Respondent, v Sheldon Bomser, Appellant.—In an action for divorce and ancillary relief, the defendant husband appeals from so much of a judgment of the Supreme Court, Queens County (Zelman, J.), entered May 13, 1988, as (1) failed to grant him a divorce against the plaintiff wife on the ground of abandonment, (2) awarded the plaintiff wife the sum of $50 per week as maintenance for a period of one year, (3) awarded the plaintiff wife the sum of $3,925.13 as a distributive award, and (4) awarded the plaintiff wife the sum of $4,500 in counsel fees.

Ordered that the judgment is modified, on the law, (1) by deleting the third decretal paragraph and by substituting in its place the following:

"3. The plaintiff has judgment against defendant in the sum of $725.13 representing:

"$300.00 credit to plaintiff for the 1979 Ford Fairmont automobile now utilized by defendant; $1,500.00 credit for the furniture retained by defendant; $250.00 for the unauthorized charges made on plaintiff's Visa card by defendant; $175.00 for plaintiff's equal share of the 1985 tax refund; less

$1,499.87 owed by plaintiff to defendant for his equal one-half share of the funds in the savings account at Greenpoint Savings Bank",
and (2) by deleting the fourth decretal paragraph; as so modified, the judgment is affirmed insofar as appealed from, without costs or disbursements.

The parties were married on November 11, 1984 in New York. They were separated 18 months later on May 13, 1986, when the plaintiff wife left the marital residence. There were no children born from this marriage. During the marriage, the parties lived in a rented apartment in Queens. At the time of the hearing, the plaintiff wife was earning $29,000 annually and the defendant husband $32,000.

During the trial, the Supreme Court indicated, from the Bench, that the marital property, which included, *inter alia,* a 1979 Ford Fairmont and furniture retained by the defendant husband when the plaintiff wife left the marital residence, should be divided equally. There was evidence in the record which indicated that the appropriate value of the furniture was $3,000 and that of the car was $600. Therefore, the plaintiff wife should have been granted the sum of $1,500 for the furniture and the sum of $300 for the car as part of her distributive award. However, both the court's "findings of fact and conclusions of law" and the judgment appealed from incorrectly awarded the plaintiff wife the sum of $3,000 for the furniture and the sum of $2,000 for the car. Accordingly, the judgment has been modified to reflect the correct sums to which the plaintiff wife is entitled for these items and the correct total amount of her distributive award.

With respect to the issue of counsel fees, the record indicates that both parties are similarly situated financially. Under these circumstances, the award of counsel fees to the plaintiff against the defendant was erroneous *(see, Rough v Kandell,* 135 AD2d 700, 702).

We have examined the defendant husband's remaining arguments and find them to be without merit *(see, Casale v Casale,* 111 AD2d 737, 738; *Foy v Foy,* 121 AD2d 501; *Pacifico v Pacifico,* 101 AD2d 709). Mangano, J. P., Thompson, Sullivan and Balletta, JJ., concur.