■ VINCENT C. NOTO, Respondent, v RAFFAELE S. NOTO, Appellant.—In an action for divorce and ancillary relief, the defendant wife appeals from so much of an order and judgment (one paper) of the Supreme Court, Nassau County (Yachnin, J.), dated June 30, 1988, as, upon dismissing the plaintiff husband's causes of action for divorce, awarded her the limited amounts of (1) $60 per week in spousal support, (2) $1,941.91 representing arrears in spousal support for the period from June 10, 1986, to May 10, 1988, and (3) $1,312.50 as counsel fees.

Ordered that the order and judgment (one paper) is affirmed insofar as appealed from, with costs.

Contrary to the wife's contentions, the award of spousal support in the amount of $60 per week does not constitute an improvident exercise of discretion. After considering all of the relevant factors set forth in Domestic Relations Law § 236 (B) (6) (a) in its oral findings *(see, Roth v Roth*, 97 AD2d 967), the court determined that $60 was an appropriate award of spousal support. This determination rested within the sound discretion of the trial court *(see, Wilbur v Wilbur*, 130 AD2d 853), and should not be lightly disregarded *(see, Krause v Krause*, 112 AD2d 862; *Hage v Hage*, 112 AD2d 659; *Stepakoff v Stepakoff*, 96 AD2d 1097; *Forcucci v Forcucci*, 96 AD2d 751). On the facts of the instant case *(see, Matter of Kronenberg v Kronenberg*, 101 AD2d 951), the parties' relatively similar financial circumstances as adjusted by the support award, indicates that this award was appropriate, as was the award of counsel fees to the wife *(see, Bomser v Bomser*, 151 AD2d 538).

Finally, we note that the amount of support arrears allegedly owed the wife was determined during an in camera conference and is not part of the record. Accordingly, this issue may not be considered on appeal *(Raso v Raso*, 129 AD2d 692). Lawrence, J. P., Kunzeman, Rosenblatt and Miller, JJ., concur.