■ THOMAS C. SHEA, Appellant, v KATHLEEN A. MCFADDEN, Respondent. [642 NYS2d 963] —In a matrimonial action for a judgment declaring the rights and obligations of the parties pursuant to a separation agreement which was incorporated but not merged into a judgment of divorce dated June 3, 1983, the plaintiff appeals, as limited by his brief, from so much of an order and judgment (one paper) of the Supreme Court, Suffolk County (Oshrin, J.), dated August 15, 1994, as declared

that his child support obligations "continue unchanged and unreduced for a child of the marriage who is attending college and who does not reside in the custodial parent's home".

Ordered that the order and judgment is affirmed insofar as appealed from, with costs.

The parties' separation agreement provided that the father's child support obligation was to continue through the children's residence at college, and that the parties were to share equally the costs of a four-year college education. The Supreme Court correctly refused to construe this provision as requiring a set off to the father's support obligation to account for his contribution toward room and board at college. Where, as here, the language of the agreement is unambiguous, parol evidence to explain what the parties intended was properly disallowed (*see, Allyn v Allyn,* 163 AD2d 665).

The father's remaining contention is without merit. Altman, J. P., Hart, Goldstein and McGinity, JJ., concur.