■ BABBIDEAN HUBER, Respondent, v BERNHARD J. HUBER, Appellant. (Appeal No. 1.) [645 NYS2d 211] —Judgment affirmed with costs. Memorandum: Defendant appeals from a judgment of divorce (appeal No. 1) and a postjudgment order (appeal No. 2) of Supreme Court. Insofar as relevant to these appeals, the judgment distributed the marital estate (consisting, *inter alia*, of defendant's clothing business and the business premises), and awarded maintenance and child support to plaintiff. The postjudgment order directed defendant to pay $37,000 toward plaintiff's legal fees.

Defendant contends that the court erred in failing to treat maintenance payments to plaintiff as her income for the purpose of calculating child support; in including the value of certain leasehold improvements to the business premises in the computations of the value of both the corporation and the premises; and in failing to place a time limit on maintenance. Defendant additionally contends that the court erred in ordering him to pay a portion of plaintiff's legal fees.

The court did not err in calculating child support. Contrary to defendant's contention, there is no authority in the Child Support Standards Act (CSSA) for adding future maintenance payments to the recipient's income for the purpose of calculating child support. Although the permanent maintenance payments directed in the divorce judgment will or should be henceforth declared as income by plaintiff on her Federal tax returns, such payments, viewed as of the time of decision, did not fall within the definition of "gross (total) income as should have been or should be reported in the most recent federal income tax return" (Domestic Relations Law § 240 [1-b] [b] [5] [i]). We conclude that, had the Legislature intended future maintenance payments to be included in the recipient's income, it could have unambiguously so provided simply by using the same language—"alimony or maintenance * * * contained in

the order to be entered by the court"—used in Domestic Relations Law § 240 (1-b) (b) (5) (vii) (C).

Further, we agree with plaintiff that, under the circumstances, the court improperly subtracted maintenance payments from defendant's income. The statute provides that maintenance paid or to be paid should be subtracted from the payor's income only where "the order or agreement provides for a specific adjustment * * * in the amount of child support payable upon the termination of alimony or maintenance" (Domestic Relations Law § 240 [1-b] [b] [5] [vii] [C]). Here, the judgment does not provide for an automatic adjustment of child support upon termination of maintenance. An automatic adjustment provision was not called for in this case because, under the facts herein, maintenance will outlast child support. In these circumstances, defendant was not entitled to deduct maintenance payments from his CSSA income (*see*, Domestic Relations Law § 240 [1-b] [b] [5] [vii] [C]; *Kessinger v Kessinger*, 202 AD2d 752, 753-754; *Lenigan v Lenigan*, 159 AD2d 108, 111). Inasmuch as plaintiff did not cross-appeal, she is not entitled to affirmative relief on that issue. Nevertheless, the fact that defendant should not have been allowed a deduction for his maintenance payments strongly suggests that such payments should not be included in plaintiff's income. To construe the statute otherwise would require maintenance payments to be counted in the incomes of both the payor and the recipient, an outcome that the Legislature could not have intended.

With respect to defendant's remaining contentions, defendant has failed to preserve his contention with respect to the alleged double counting of the value of leasehold improvements by failing to make an adequate record on that issue. We conclude that the court in fact placed a time limit on maintenance, viz., that it should terminate upon plaintiff's attaining the age of $59^1/2$ or defendant's full retirement, whichever occurs later. That directive was an appropriate exercise of the court's discretion. Finally, the court did not abuse its discretion in ordering defendant, who behaved obstructively throughout this action, to pay $37,000 toward plaintiff's legal fees of $64,000.

All concur, Doerr, J., not participating. (Appeal from Judgment of Supreme Court, Erie County, Francis, J.—Maintenance.) Present—Denman, P. J., Lawton, Wesley, Doerr and Balio, JJ.