(April 10, 1997)

■ In the Matter of DAVID CLOVSKY, as Commissioner of Social Services for Chemung County, on Behalf of ELIZABETH I., Respondent, v HENRY J., Appellant. [656 NYS2d 74] —Casey, J. Appeals (1) from an order of the Family Court of Chemung County (Castellino, J.), entered October 12, 1994, which granted petitioner's application, in a proceeding pursuant to Family Court Act article 5, to adjudicate respondent as the father of a child born to Elizabeth I., and (2) from an order of said court (O'Shea, J.), entered April 27, 1995, which, *inter alia*, directed respondent to pay for support of his child.

On September 2, 1985, Elizabeth I. (hereinafter the mother) gave birth to an out-of-wedlock child. Claiming that the child was about to become a public charge, petitioner, on the mother's behalf, commenced this paternity proceeding in January 1990 seeking orders of filiation and support. A fact-finding hearing was held after which respondent was adjudicated the father. Respondent was subsequently ordered to pay support in the amount of $50 per week with support arrears accruing between January 17, 1990, the date the proceeding was commenced, and January 27, 1995. Respondent now appeals from both the order of filiation and the final order of support.*

Upon our review of the record, we find that petitioner established respondent's paternity by clear and convincing evidence (*see, Matter of Sullivan County Dept. of Social Servs. [Sherri P.] v Praytush O.*, 223 AD2d 972, 975). The mother testified that she began dating respondent in December 1984 and soon thereafter they started having frequent, unprotected sexual intercourse. The mother further testified that she did

---

* As no appeal lies from an order of filiation where the petition also seeks support, respondent's first appeal must be dismissed (*see, Matter of Westchester County Dept. of Social Servs. [Rosa B.] v Jose C.*, 204 AD2d 795, 797; *Matter of Beaudoin [Christine C.] v George D.*, 145 AD2d 879, 880, n). Nevertheless, respondent's timely appeal from the final order of support brings up for review his challenge to the paternity determination (*see, Matter of Pamela WW. v Ervin XX.*, 191 AD2d 796, n, *lv denied* 81 NY2d 711).

not date or have a sexual relationship with anyone else during the nine months prior to or after commencing sexual relations with respondent. Upon learning that she was pregnant, the mother told respondent, who "seemed happy about it". After the child was born, respondent never expressed any doubt that the child was his son and even questioned why the child did not have his last name. In November 1986, when the child was in the hospital undergoing surgery, respondent visited him. Respondent acknowledged that the child was his son to members of his family and the mother's family, as is evidenced by the testimony of the mother's father and additional testimony that one of respondent's sisters is "very actively involved" with the child.

In addition to testimony by the mother and her father, the results of respondent's human leucocyte antigen test were admitted into evidence. The results of this test showed a 99.72% probability of respondent's paternity. While not conclusive, such tests should be afforded great weight as they are considered to be highly accurate and probative on the issue of paternity (*see, Matter of Kaplan [Sandra LL.] v Andrew MM.*, 217 AD2d 778, 779; *Matter of State of Utah [Pamela WW.] v Robert XX.*, 203 AD2d 648, 649).

Respondent, who failed to appear at the hearing, offered no evidence and called no witnesses to rebut the evidence introduced by petitioner. Family Court (Castellino, J.) properly found that an inference could be drawn against respondent due to his failure to testify (*see, Matter of Jane PP. v Paul QQ.*, 65 NY2d 994, 996). Although respondent has included in his appellate brief evidence which he claims rebuts the finding of paternity, this evidence is outside the record and cannot be considered by this court (*see, Noto v Noto*, 160 AD2d 789; *Hecht v Vanderbilt Assocs.*, 141 AD2d 696, 700, *lv dismissed* 73 NY2d 918).

Turning to the order of support, we agree with Family Court (O'Shea, J.) that in these circumstances, where respondent has several outstanding debts and is supporting a wife and two other children, it would be unjust and inappropriate (Family Ct Act § 413 [1] [f]) for respondent to be required to pay the basic child support obligation of $102 a week as would be required by the Child Support Standards Act (Family Ct Act § 413). Contrary to respondent's contention, however, we find that Family Court gave respondent's situation the proper consideration (*see, e.g., Matter of Steuben County Dept. of Social Servs. [Padgett] v James*, 171 AD2d 1023) and arrived at a support obligation that was appropriate.

We finally reject respondent's contention that the mother should not receive retroactive support as the recovery of such arrearages is barred by laches. The record clearly establishes that petitioner's actions were in no respect dilatory and, in fact, respondent's actions contributed to the more than $4^1/2$ years it took from the commencement of the paternity proceeding until the fact-finding hearing. Given respondent's own "unclean hands", as is evidenced by these circumstances, he should not be asserting the equitable defense of laches (*see, Matter of Coger v Cusumano*, 191 AD2d 493, 495).

We have considered respondent's remaining contentions, including those raised in his *pro se* brief, and find them equally lacking in merit.

Cardona, P. J., Mercure, Peters and Carpinello, JJ., concur. Ordered that the appeal from order entered October 12, 1994 is dismissed, without costs. Ordered that the order entered April 27, 1995 is affirmed, without costs.