■ JOHN HARRISON, Respondent-Appellant, v MARY A. HAR-RISON, Appellant-Respondent. [680 NYS2d 624] —In an action for a divorce and ancillary relief, (1) the defendant wife appeals, as limited by her brief, from so much of a judgment of the Supreme Court, Dutchess County (Brands, J.), dated July 29, 1997, as, after a nonjury trial, awarded her maintenance in the amount of only $100 per week for three years, denied her application for attorneys' fees, and awarded the plaintiff husband $6,569 in child support retroactive to January 1, 1996, and (2) the plaintiff husband cross-appeals from stated portions of the same judgment.

Ordered that the cross appeal is dismissed as abandoned; and it is further,

Ordered that the judgment is modified by deleting the provision thereof incorporating that branch of the decision of the Supreme Court, Dutchess County, dated July 3, 1997, which awarded the plaintiff husband $6,569 in child support; as so modified, the judgment is affirmed insofar as appealed from, without costs or disbursements, and the matter is remitted to the Supreme Court, Dutchess County, for a recomputation of the wife's child support obligation in accordance herewith.

The husband commenced the instant action for divorce and also sought child support for the couple's two minor children on April 5, 1996. However, the wife remained in the marital home until October or November of the same year. During the nonjury trial, the parties stipulated to the division of property and that the husband and wife would have joint custody of the two minor children, with the husband retaining physical custody. Thereafter, the court fixed the husband's maintenance obligation at $100 per month and calculated the wife's child support obligation retroactively.

The Supreme Court erroneously determined that the wife was obligated to pay child support for the entire 1996 calendar year. A party's child support obligation is retroactive to the date the application was first made (*see,* Domestic Relations Law § 236 [B] [7] [a]; *see also, Liadis v Liadis,* 207 AD2d 331). Since the husband sought child support on April 5, 1996, the wife may only be charged with a child support obligation commencing on that date. Moreover, contrary to the Supreme Court's finding, the record reflects that during this time, the

wife made contributions toward the support of the couple's two minor children. The extent of such contributions should have been determined at trial and taken into consideration in determining the wife's obligation (*see,* Domestic Relations Law § 236 [B] [7] [a]).

Additionally, the court erroneously included maintenance arrears she was to receive pursuant to the judgment of divorce which is the subject of this appeal in calculating her gross income for both 1996 and 1997. For the purposes of computing child support, Domestic Relations Law § 240 (1-b) (b) (5) (i) defines "Income" as "gross (total) income as should have been or should be reported in the most recent federal income tax return". Since the wife did not receive any maintenance payments in 1996 or 1997, her gross income for those years for purposes of computing child support should not include any maintenance. Therefore, such payments, viewed at the time of the decision, did not fall within the definition of "gross (total) income as should have been or should be reported in the most recent federal income tax return" (Domestic Relations Law § 240 [1-b] [b] [5] [i]; *see, Huber v Huber,* 229 AD2d 904).

Additionally, the court failed to deduct FICA contributions from both the husband and the wife's gross income for the purposes of calculating child support (*see,* Domestic Relations Law § 240 [1-b] [b] [5] [vii] [H]; *see also, Frei v Pearson,* 244 AD2d 454; *LaBombardi v LaBombardi,* 220 AD2d 642).

Finally, in recalculating the wife's child support obligation, the court should take into consideration whether the obligation imposed would bring the wife's income below the self-support reserve level (*see,* Domestic Relations Law § 240 [1-b] [b] [6]; [d]; 62 Fed Reg No. 46 10856). O'Brien, J. P., Sullivan, Pizzuto and Florio, JJ., concur.