■ In the Matter of RIVA LAVA, Respondent, v ANDREAS DAMIANOU, Appellant. [780 NYS2d 789]—

In a child support proceeding pursuant to Family Court Act article 5, the father appeals from so much of an order of the Family Court, Queens County (Richroath, J.), dated August 18, 2003, as denied his objections to an amended order of the same court (Contaratos, S.M.), dated June 25, 2003, which, after a hearing, inter alia, granted the mother's petition for child support.

Ordered that the order is affirmed insofar as appealed from, with costs.

Since there was no objection to the Support Magistrate's ap-

plication of the 17% support rate of the Child Support Standards Act (hereinafter the CSSA) to the parties' combined parental income over $80,000, this issue is unpreserved for appellate review (*see Matter of Corr v Corr*, 3 AD3d 567 [2004]; *Matter of Elia v Elia*, 299 AD2d 358 [2002]). In any event, the Support Magistrate providently exercised her discretion in computing child support by applying the statutory percentage set forth in the CSSA to the combined parental income over $80,000 (*see* Domestic Relations Law § 240 [1-b] [c] [3]). "As to combined parental income over $80,000, the statute explicitly affords an option: the court may apply the factors set forth in section 413 (1) (f) '*and/or* the child support percentage' " (*Matter of Cassano v Cassano*, 85 NY2d 649, 654 [1995], quoting Family Ct Act § 413 [1] [c] [3]). The Support Magistrate expressly set forth the reasons for applying the statutory percentage to income over $80,000 and we decline to disturb that award.

The father's remaining contentions are without merit. Luciano, J.P., Mastro, Spolzino and Skelos, JJ., concur.