■ PAMELA B. LEE, Appellant-Respondent, v KENNETH LEE, Respondent-Appellant. [795 NYS2d 283]—

In an action for a divorce and ancillary relief, (1) the plaintiff appeals, as limited by her brief, from stated portions of a judgment of the Supreme Court, Orange County (Green, J.), entered January 8, 2003, which, inter alia, (a) imputed an annual income to the defendant in the sum of only $300,000, (b) awarded her the sum of only $3,100 per month in child support, (c) required her to pay 17% of the children's unreimbursed medical expenses, (d) determined that the value of two corporations that were marital property was only $497,714, (e) awarded her only one third of the value of the corporations in equitable distribution, and (f) awarded the defendant a credit against his child support obligations for any college expenses that he might be called upon to pay, and (2) the defendant cross-appeals, as limited by his brief, from stated portions of the same judgment which, inter alia, (a) awarded the plaintiff non-durational maintenance in the sum of $5,000 per month, (b) failed to give him a credit for certain debt, and (c) imputed an annual income to him in the sum of $300,000.

Ordered that the judgment is modified, on the law, on the facts, and as a matter of discretion, by (1) deleting the 25th decretal paragraph thereof, inter alia, directing the defendant to pay to the plaintiff the sum of $3,100 per month in child support, (2) deleting the 27th decretal paragraph thereof awarding the defendant a credit against his child support obligations for any college expenses that he might be called upon to pay, (3) deleting the 26th decretal paragraph thereof requiring the defendant to pay 83% percent and the plaintiff to pay 17% of all unreimbursed medical and dental expenses and substituting therefore a provision requiring the defendant to pay 100% of such expenses, (4) deleting from the 10th and 32nd decretal paragraphs the sum of "$497,714" substituting therefor the sum of "$577,207," representing the value of the husband's interest in two corporations and by deleting from the 32nd decretal paragraph the sum of "$165,904.66" and substituting therefor the sum of "$192,402.33" representing one third of the

value of the husband's interest in the corporations, and (5) adding thereto a provision requiring the defendant to maintain a life insurance policy for the benefit of the plaintiff in the sum of $1 million; as so modified, the judgment is affirmed insofar as appealed and cross-appealed from, without costs or disbursements; and it is further,

Ordered that the matter is remitted to the Supreme Court, Orange County, for a new determination of the defendant's monthly child support obligation calculated by application of the appropriate child support percentages (Domestic Relations Law § 240 [1-b] [b] [3]) applied to the sum of $200,000, for a determination of arrears, if any, and for the entry of an amended judgment accordingly; and it is further,

Ordered that the defendant shall continue to pay the sum of $3,100 per month in child support pending further determination of the Supreme Court.

We find no basis upon which to disturb the Supreme Court's imputation of unreported income to the defendant in such an amount that his total annual gross income for the purposes of applying the terms of the Child Support Standards Act (hereinafter CSSA; Domestic Relations Law § 240 [1-b]) amounts to the sum of $300,000 per year (*see* Domestic Relations Law § 240 [1-b] [b] [5] [i]). However, we do agree with the defendant that the Supreme Court erred in proceeding to calculate his child support liability based on that amount.

The Supreme Court erred in failing to deduct from the sum of $300,000, noted above, the amount that the husband is to be required to pay in maintenance, that is, $60,000 per year (Domestic Relations Law § 240 [1-b] [b] [5] [vii] [C]; *e.g., Rohrs v Rohrs*, 297 AD2d 317 [2002]). The court also erred in considering the maintenance to be received by the wife as her income for purposes of performing the CSSA calculations (*e.g. Harrison v Harrison*, 255 AD2d 490 [1998]; *Huber v Huber*, 229 AD2d 904 [1996]). The Court should have applied the standard "child support percentages" defined by statute (Domestic Relations Law § 240 [1-b] [b] [3]) to the first $80,000 of the $240,000 in "combined parental income," 100% of which is attributable to the husband, in accordance with the foregoing. With regard to the remaining $160,000, the Court should have (1) applied the factors set forth in Domestic Relations Law § 240 (1-b) (f) (1) through (10), *or* (2) applied the standard "child support percentages" specified in Domestic Relations Law § 240 (1-b) (b) (3), *or* (3) applied some combination of both the two approaches stated above (*see Matter of Cassano v Cassano*, 85 NY2d 649, 655 [1995]; *Matter of Lava v Damianou*, 10 AD3d 420 [2004]; *Jordan v Jordan*, 8 AD3d 444 [2004]).

As an alternative to remitting the matter to the Supreme Court for a de novo determination of child support, in the interest of judicial economy, we believe that it is appropriate in the particular circumstances of this case to conduct our own review of the record in light of the factors set forth in Domestic Relations Law § 240 (1-b) (f) (1) through (10). Considering, among other things, the amount of the husband's income and the fact that the husband will ultimately be solely responsible for child support (*see* Domestic Relations Law § 240 [1-b] [f] [10]), we conclude that the standard "child support percentages" specified in Domestic Relations Law § 240 (1-b) (b) (3), should not be applied to the full $160,000 by which the husband's income exceeds $80,000, but instead by $120,000 of that amount, so that his child support obligation should be determined based on application of the statutory child support percentages to the sum of $200,000 (*see generally, Jordan v Jordan, supra*).

The Supreme Court also should have provided for a method for reducing the defendant's overall child support obligation as each child reaches the age of 21 or is otherwise emancipated. The parties had four minor children as of the time the action was commenced, and the defendant's overall child support obligation should, of course, be diminished as each child reaches the age of majority. In the particular circumstances of this case, we find that, as the number of children that the defendant is obligated to support diminishes from four to one, upon the date that each child, in succession, becomes (or already has been) emancipated, the amount of child support owing should be based on the figure of $200,000, noted above, against which the diminishing statutory percentages pertaining to the number of children that the husband is obligated to support, i.e., 29%, 25%, and 17%, should be applied.

We agree with the plaintiff that the Supreme Court erred in ordering "that in the event the defendant is called upon to pay college expenses for any of the children, he shall be entitled to a dollar-for-dollar credit toward his child support." The judgment in fact contains no provision requiring the husband to pay the cost of any "present or future. . .post-secondary, private, special, or enriched education for the child[ren]" (Domestic Relations Law § 240 [1-b] [c] [7]). Thus, the provision of the judgment quoted above is essentially premature and unnecessary, or at least it was at the time the judgment was entered. We do not pass on whether, at some later point, the court might properly direct the defendant, or the plaintiff, to contribute to cost of "post-secondary, private, special or enriched" education (Domestic Relations Law § 240 [1-b] [c] [7]; *see Lee v Lee*, 18 AD3d 513 [decided herewith 2005]).

Also, it is not the defendant's overall child support obligation, which in this case encompasses his duty to support four children, that might properly be reduced on account of his payment of "college expenses" on behalf of one or more of those children; rather, the "college expenses" paid on behalf of one particular child, or on behalf of some particular children, could properly serve as a credit only with respect to so much of the defendant's overall child support obligation as relates to such particular child or children.

Further, in respect to any credit against child support that might be granted in connection with the defendant's payment of "college expenses," any such credit should be calculated based solely on those expenses that are associated with the cost of room and board, or on other similar expenses of the kind that "child support" is normally intended to defray (*see e.g. Wortman v Wortman*, 11 AD3d 604 [2004]). Such a credit should not be calculated based on the cost of college tuition, which is beyond the realm of what is normally considered "child support." Those cases in which, in one context or another, the courts have approved of the reduction of a parent's child support obligation based on that parent's payment of tuition expenses do not, in our view, reflect the general rule (*see Comstock v Comstock*, 1 AD3d 307 [2003]).

We also agree with the plaintiff that the court should have required the defendant to pay 100% of all unreimbursed medical and dental expenses (*see* Domestic Relations Law § 240 [1-b] [c] [5]).

The husband concedes on appeal as he did in his "statement of proposed dispositions" in the Supreme Court, that his 86% interest in one corporation, and 100% interest in the other, should have been valued at $577,207. The valuation proposed by the husband, as opposed to the lesser one found by the Supreme Court, more accurately reflects the value of the husband's interest in the two corporations as of the date of the commencement of the action on November 12, 1999. Under all the circumstances presented, the Supreme Court correctly determined that the plaintiff's equitable share in this interest should be one third, rather than one half.

We also agree with the plaintiff that the court should have directed the defendant to maintain a life insurance policy for the plaintiff's benefit in the sum of $1,000,000. The plaintiff will be depending on the defendant for the payment of the substantial amount of maintenance and child support noted above, and would be severely prejudiced in the event of the defendant's death.

The parties' remaining contentions are without merit. Prudenti, P.J., H. Miller, Ritter and Spolzino, JJ., concur.