■ PAMELA B. LEE, Appellant, v KENNETH LEE, Respondent. [795 NYS2d 288]—In a matrimonial action in which the parties were divorced by judgment entered January 8, 2003, the plaintiff appeals from an order of the Supreme Court, Orange County (Peter C. Patsalos, J.), dated October 8, 2003, which, in effect, denied her motion to enforce the child support provision of the judgment and for arrears, and to appoint a property manager to compel the sale of certain marital property.

Ordered that the order is modified, on the law, by deleting the provision thereof, in effect, denying that branch of the plaintiff's motion which was for arrears of child support and substituting therefor a provision granting that branch of the motion to the extent of directing a hearing on the issue of arrears; as so modified, the order is affirmed, without costs or disbursements, and the matter is remitted to Supreme Court, Orange County, for further proceedings consistent herewith.

The Supreme Court correctly stated that the husband may not properly reduce his overall child support obligation by 25% based on the oldest child's attainment of the age of 21 (see Lee v Lee, 18 AD3d 508 [decided herewith 2005]). It is not clear from the terms of the order whether, in respect to the availability of a credit against the husband's child support obligations, the Supreme Court properly limited the scope of such credit to those educational expenses that are duplicative of child support (lodging, meals, etc.) as opposed to tuition, which is not duplicative of child support (see Lee v Lee, supra). Although the court noted that the husband was defraying certain tuition and housing costs associated with one child's cosmetology program, the court did not actually direct the husband to make such payments, or determine that they were appropriate.

In any event, it is clear that the Supreme Court erred in failing either to determine the actual amount of arrears of child support due based on a review of the motion papers, or, considering that such papers contain conflicting assertions of fact, to direct a hearing with respect to such issues. As we stated in Lee v Lee (supra), there must be further proceedings with respect to the calculation of the amount of child support that the husband was initially directed to pay in the underlying judgment. This by itself will necessitate a recalculation of child support arrears that may be due and owing. Under all the circumstance of this case, a hearing will be needed in order to resolve the parties' conflicting assertions in connection with this issue.

The plaintiff's remaining contention is without merit. Prudenti, P.J., H. Miller, Ritter and Spolzino, JJ., concur.