■ In the Matter of PATRICIA GRIFFIN, Respondent, v DANIEL B. GRIFFIN, Appellant. [807 NYS2d 570]—

In a child support proceeding pursuant to Family Court Act article 4, the father appeals from an order of the Family Court, Westchester County (Edlitz, J.), entered February 9, 2004, which denied his objections to an order of the same court entered December 23, 2003 (Kava, S.M.), which, inter alia, fixed the amount of child support arrears he owed for the parties' three children in the sum of $10,599.90.

Ordered that the order is reversed, on the law, without costs or disbursements, the objections are sustained, and the matter is remitted to the Family Court, Westchester County, for a recalculation in accordance herewith of the amount of child support arrears.

Parents are obligated by law to support their children until the age of 21 (see Family Ct Act § 413; *Neckers v Neckers,* 160 AD2d 693 [1990]; *Matter of Lucas v Fiero,* 138 AD2d 488 [1988]). Here, arrears in child support were assessed for a period after the parties' two oldest children reached the age of 21. In determining the amount of child support arrears, the Family Court did not take into account the appropriate reductions for the emancipation of each of these two children by operation of law (see *Lee v Lee,* 18 AD3d 508, 511 [2005]). Thus, while the Support Magistrate correctly determined that the order of support, dated October 1, 1999, terminated by operation of law on May 31, 2003, when the parties' youngest child reached the age of 21, in calculating the amount of arrears, the Support Magistrate also should have taken into account the emancipation of the parties' two older children upon their each having reached the age of 21 (see *Lee v Lee, supra*). In addition, the Support Magistrate's finding that the order of support was not allocated among the parties' three children is unsupported by the record given that the amount of child support thereunder was calculated by applying 29% to the combined parental income, representing the "child support percentage" set forth in Domestic Relations Law § 240 (1-b) (b) (3) (iii) for three children.

We reject the father's contention that the happening of certain events in the lives of the subject children constituted emancipating events before they reached the age of 21, in the absence of an express agreement by the parties to that effect (cf. *Matter of Loveday v Loveday,* 272 AD2d 401 [2000]; *Matter of Mancini v Mancini,* 236 AD2d 475 [1997]).

In light of our determination, we need not reach the father's remaining contention. Crane, J.P., Santucci, Luciano and Skelos, JJ., concur.