■ PATRICIA DONELLY GILBERT, Respondent, v ROBERT RANDALL GILBERT, Appellant. [820 NYS2d 611]—

In an action for a divorce and ancillary relief, the defendant appeals, as limited by his brief, from so much of a judgment of the Supreme Court, Kings County (Yancey, J.), dated July 21, 2004, as, after a nonjury trial, determined that he was entitled

to 63% of the proceeds from the sale of the marital residence, and directed him to pay child support in the amount of $5,437.50 per month, and for all educational, extracurricular, and summer camp expenses of the parties' children.

Ordered that the judgment is reversed insofar as appealed from, on the law, with costs, and the matter is remitted to the Supreme Court, Kings County, for further proceedings in accordance herewith and for the entry of an amended judgment; and it is further,

Ordered that in the interim, the defendant is to continue to pay the plaintiff child support in the sum of $5,437.50 per month and child care expenses including educational, extracurricular, and summer camp expenses with any overpayment to be credited against future payments after entry of the amended judgment or underpayments to be debited to him and included as arrears in the amended judgment.

The parties were married on October 27, 1990. Pursuant to a prenuptial agreement, the parties agreed that, in the event of a divorce, they would divide property held in joint names "proportionately in the same ratio as their respective individual financial contributions to such asset." On July 29, 1991, the parties purchased the first marital residence. On December 7, 1998, the parties sold the first marital residence, and used all of the equity from the sale toward the purchase of the second marital residence. On September 20, 2002, the plaintiff commenced the instant action for a divorce and ancillary relief, and the parties agreed to sell the second marital residence.

The Supreme Court erred in considering the equity from the sale of the first marital residence as having been contributed towards the second marital residence equally by each party, since the equity from the sale of the first marital residence was traceable to the parties' separate property contributions toward the first marital residence (see Spilman-Conklin v Conklin, 11 AD3d 798, 800 [2004]). Moreover, the equity from the sale of the first marital residence was not placed in a joint account or otherwise commingled with marital funds before it was applied toward the purchase of the second marital residence (see Zanger v Zanger, 1 AD3d 865, 867 [2003]). However, since the precise amount of the parties' individual contributions toward the first marital residence is not clear from the record, we remit the matter to the Supreme Court, Kings County, for a determination of this amount, and for a recalculation of the parties' respective interests in the second marital residence. The Supreme Court must also determine the parties' proportionate share of the rental income from the second marital residence and thus

the credit to which the defendant is due for his portion of that income (*see Gilbert v Gilbert,* 32 AD3d 416 [2006] [decided herewith]).

The Supreme Court further erred in its determination of the amount of the defendant's child support obligation. Under the Child Support Standards Act, a parent's income shall include all income "as should have been or should be reported in the most recent federal income tax return" (Family Ct Act § 413 [1] [b] [5] [i]) plus, "to the extent not already included in gross income . . . the amount of income or compensation voluntarily deferred" (Family Ct Act § 413 [1] [b] [5] [iii]). Since the plaintiff's deferred income of $50,000 was not counted, a recalculation of combined parental income is necessary.

Additionally, the Supreme Court was required to set forth the factors it considered with respect to its determination of the parties' child support and child care obligations—including, in the circumstances of this case, private school tuition and expenses for extracurricular activities and summer camp—on combined income in excess of $80,000. Moreover, the Supreme Court was required to relate the statutory factors to the ultimate facts on which it relied (*see Matter of Cassano v Cassano,* 85 NY2d 649, 653 [1995]; *Sieratzki v Sieratzki,* 8 AD3d 552, 554 [2004]; *Manno v Manno,* 224 AD2d 395, 397 [1996]). Inasmuch as the Supreme Court failed to do so, upon remittitur the Supreme Court shall set forth the basis for its determination and recalculate the respective burdens of the parties with respect to both child support and child care expenses.

The parties' remaining contentions are without merit. Crane, J.P., Goldstein, Luciano and Covello, JJ., concur.