■ PATRICIA DONELLY GILBERT, Respondent, v ROBERT RANDALL GILBERT, Appellant. [820 NYS2d 609]—

In an action for a divorce and ancillary relief, the defendant appeals, as limited by his brief, from so much of an order of the Supreme Court, Kings County (Yancey, J.), dated January 3, 2005, as directed him to pay the plaintiff child support arrears in the amount of $20,023, and awarded the plaintiff an attorney's fee in the amount of $5,000.

Ordered that the order is reversed insofar as appealed from,

on the law, without costs or disbursements, and the matter is remitted to the Supreme Court, Kings County, for a recalculation of the amount of child support arrears.

The Supreme Court incorrectly calculated the defendant's child support and child care obligations, and we have remitted the matter to the Supreme Court, Kings County, for recalculation (*see Gilbert v Gilbert*, 32 AD3d 414 [2006] [decided herewith]). Thus, the Supreme Court must also recalculate the child support arrears owed by the defendant.

In addition, the Supreme Court erred in failing to terminate the existing pendente lite order for the period between its decision after trial and the entry of judgment while obligating the defendant to pay child support from the date of the decision. This resulted in a double shelter allowance during that period. Likewise, the plaintiff was receiving 100% of the rental income from a portion of the second marital residence during this period. Consequently, upon remittitur, the Supreme Court must recalculate the arrears in child support, if any, or the credit to which the defendant may be entitled. In so doing, the court must credit the defendant with that portion of his mortgage payments and other carrying charges for the period between the Supreme Court's decision and the entry of judgment that exceed his interest in the second marital residence resulting from the recalculation on remittitur in the companion appeal (*see Gilbert v Gilbert, supra*). The court must also credit the defendant with that portion of the rental income representing his interest in the second marital residence.

Finally, in view of the foregoing and under the relative financial circumstances of the parties, we vacate the award of an attorney's fee to the plaintiff. Crane, J.P., Goldstein, Luciano and Covello, JJ., concur.