■ ELIZABETH TRYON, Appellant, v MICHAEL TRYON, Respondent. [830 NYS2d 233]—

In a matrimonial action in which the parties were divorced by judgment entered September 30, 2004 the plaintiff appeals from an order of the Supreme Court, Suffolk County (Bivona, J.), dated August 3, 2005, which, upon her motion, inter alia, modified the defendant's child support obligation to an amount below the basic child support obligation as set forth in the Child Support Standards Act (Domestic Relations Law § 240 [1-b]).

Ordered that the order is reversed, and the matter is remitted to the Supreme Court, Suffolk County, for a recalculation of the parties' respective child support obligations and thereafter for a new determination of the plaintiff's motion.

The parties agreed in their stipulation of settlement on June 18, 2004 to compute child support against their full combined incomes in excess of $80,000, minus the standard statutory deductions. Since one daughter was to be residing with the plaintiff and another daughter was to be residing with the defendant, the "net" child support was owed by the defendant to the plaintiff, based on the defendant's higher income, in the amount of $167.36 per week. The defendant agreed in a discrete provision of the stipulation to pay 75% of the daughters' college expenses, which exceeded his pro rata percentage of combined parental income. The parties' stipulation of settlement, and the judgment of divorce into which it was incorporated, contained no provision that payment of the daughters' room and board expenses be credited against the defendants' net weekly child support obligation while the daughters were away at school.

Thereafter, the younger daughter changed her residence from the defendant's home to the plaintiff's home. The plaintiff sought, inter alia, an upward modification of child support on the ground that both daughters now resided with her. In the order appealed from, the Supreme Court calculated child support obligations using an $80,000 cap on the parties' combined parental income, without addressing the parties' combined income in excess of that amount. Additionally, the Supreme Court found that the basic child support obligation was unjust and warranted a departure from the presumptively correct amount, on the ground that the defendant was contributing

75% toward the daughters' college expenses. The plaintiff appeals. We reverse.

The younger daughter's change of residence represents an unanticipated change in circumstances warranting a modification of child support obligations (*see McMillen v Miller*, 15 AD3d 814, 816 [2005]; *Matter of Ellenbogen v Ellenbogen*, 6 AD3d 1026, 1027 [2004]).

The Supreme Court erred in failing to account for the parties' combined parental income over $80,000 in determining their respective modified basic child support obligations. The Child Support Standards Act (Domestic Relations Law § 240 [1-b]) provides that in determining the basic child support obligation, where the combined parental income exceeds $80,000, the court shall determine the amount of child support for the excess amount through consideration of the factors in Domestic Relations Law § 240 (1-b) (f), and/or the child support percentage (Domestic Relations Law § 240 [1-b] [c] [3]). The court here failed to determine how the combined parental income over $80,000 would be distributed for purposes of child support, and failed to articulate any reasons that might exist for ignoring this excess income in determining the parties' basic support obligations (*see Gilbert v Gilbert*, 32 AD3d 414 [2006]; *Jefferson v Jefferson*, 21 AD3d 879, 880 [2005]; *Lee v Lee*, 18 AD3d 508, 510 [2005]).

Furthermore, the court erred in listing the fact that the defendant was paying more than his pro rata share of college and medical expenses as a reason for reducing his support obligation. The parties had agreed in their stipulation that the defendant would pay 75% of the children's college and medical expenses, which was more than his pro rata share, while the plaintiff would pay 25% of those expenses. This was separate and apart from their respective obligations to pay child support. The defendant was not entitled to a downward modification simply because he has assumed his agreed-upon share of college expenses. He was expressly required by the stipulation to assume these expenses (*see Regan v Regan*, 254 AD2d 402, 403 [1998]; *Grobman v Grobman*, 251 AD2d 544 [1998]; *Matter of Kurzon v Kurzon*, 246 AD2d 693, 694-695 [1998]; *Shea v McFadden*, 227 AD2d 543, 544 [1996]). As for the tuition component of college expenses, tuition is an add-on educational expense which is considered separately from the initial calculation of child support for basic need (*see Matter of Cohen v Rosen*, 207 AD2d 155, 157 [1995]; *Sheridan v Sheridan*, 174 Misc 2d 249, 254 [1997]).

The defendant does not dispute the plaintiff's contention that the court erred in altering the termination date of the defen-

dant's support obligation to their younger daughter Amanda. As long as an agreement is unimpeached, and the language is clear and unambiguous on its face, the Supreme Court may not disregard the intentions of the parties and alter the provisions of the agreement (*see Gallina v Gallina*, 162 AD2d 219, 222 [1990]; *Howard v Howard*, 120 AD2d 567, 568-569 [1986]; *Surlak v Surlak*, 95 AD2d 371, 380 [1983]).

Upon recalculating child support, the Supreme Court shall deduct from the defendant's income the amount he pays in maintenance (*see Lee v Lee, supra* at 510; *Rohrs v Rohrs*, 297 AD2d 317 [2002]; Domestic Relations Law § 240 [1-b] [b] [5] [vii] [C]), but shall not add the same amount to the plaintiff's income (*see Lee v Lee, supra* at 510; *Harrison v Harrison*, 255 AD2d 490 [1998]; *Huber v Huber*, 229 AD2d 904 [1996]).

The plaintiff's remaining contention is based on matters outside the record, and accordingly, this Court will not consider it on appeal (*see Noto v Noto*, 160 AD2d 789 [1990]; *Raso v Raso*, 129 AD2d 692 [1987]). Prudenti, P.J., Mastro, Santucci and Dillon, JJ., concur.