OPINION OF THE COURT
Rosalie S. Bailey, J.
Respondent, Karen R., objects to the order of the Support Magistrate, entered May 30, 2008, which granted the petition by Philip R. for a downward modification of his child support obligation. The matter was submitted to the Support Magistrate upon stipulated facts, so no hearing was conducted. In addition to the objection, I have reviewed the rebuttal submitted on behalf of Mr. R. The Support Magistrate found that the emancipation of the parties’ oldest daughter was, by the terms of the judgment of divorce, a change in circumstances requiring a recalculation of the support obligation.
The key issue in this objection is whether or not the Support Magistrate erred in including maintenance payments received by Ms. R. during the prior year as part of her income for determination of child support. The initial support order, contained in the judgment of divorce, did not include maintenance in Ms. R.’s income because it had not yet been received and, therefore, was not part of her “gross (total) income as should have been or should be reported in the most recent federal income tax return.” (Domestic Relations Law § 240 [1-b] [b] [5] [i].) At the time of the present order, however, maintenance payments were part of Ms. R.’s gross income for the prior year.
Ms. R. relies upon Tryon v Tryon (37 AD3d 455 [2d Dept 2007]) for the proposition that, despite the statutory definition of income, maintenance payments actually received in the prior year should not be included in the receiving parent’s income for computation of child support. Tryon did include that holding. However, no explanation of the Court’s reasoning was included and the holding appears to be anomalous. In Matter of Diamond v Diamond (254 AD2d 288 [2d Dept 1998]), the Court specifically held that such payments must be included in income. Other cases, including the Fourth Department ruling in Huber v Huber (229 AD2d 904 [1996]), draw a distinction between initial *627 calculations of child support, where maintenance payments have not yet been received, and later recalculations, where maintenance must be included in the prior year’s income. This distinction is explicitly set forth in Krukenkamp v Krukenkamp (54 AD3d 345 [2d Dept 2008]). “Since, in the present case, the total income reported on the mother’s most recently filed tax return included the maintenance payments she had received from the father that year . . . that sum was improperly excluded from her income” (at 346).
Thus, the Support Magistrate was correct in including the maintenance payments in Ms. R.’s income. She next argues, however, that doing so results in an unjust and inappropriate outcome, such that the Support Magistrate should have deviated from the Child Support Standards Act (CSSA) guidelines. The judgment of divorce awarded Ms. R. a net payment of $175 per week. The Support Magistrate’s award for support of the single child remaining in Ms. R.’s household, after inclusion of the maintenance payments as income, was $16 per week. This significant reduction was ordered despite the fact that the parties’ earnings have remained unchanged. Ms. R. argues that this reduction, based solely upon the emancipation of one of the children residing with her, is unjust and inappropriate.
The CSSA guidelines provide the presumptively correct amount of child support. A deviation from those guidelines must be based upon the evaluation of factors enumerated in the statute. The fact that the guidelines now call for a large reduction in support is not, by itself, sufficient to require deviation. Supreme Court, in making the initial support decision, deviated from the guidelines because Ms. R. was “newly entering the work force after a long term marriage” and there was “unmet need for the children remaining in her custody.” That decision was made two years ago and there is no showing now that those same factors apply.
Ms. R. also argues that the Supreme Court Justice’s decision to deviate upward from the CSSA guidelines is “law of the case” that must be followed in determining whether the newly-calculated amount is unjust and inappropriate. The Support Magistrate correctly rejected this argument. “The doctrine of the law of the case seeks to prevent relitigation of issues of law that have already been determined at an earlier stage of the proceeding.” (Brownrigg v New York City Hous. Auth., 29 AD3d 721, 722 [2d Dept 2006] [emphasis added].) The decision of whether or not a deviation is appropriate is, by its nature, *628 factual. The divorce judgment assumed, by its terms, that a recalculation of support would take place upon emancipation of each child. This question must be decided upon the particular facts existing at the time of the recalculation. Therefore, law of the case does not apply.
For these reasons, I cannot find that the Support Magistrate’s ruling was in error as a matter of law or that it was not supported by the facts. I must, therefore, deny the objection.
It is, therefore, ordered that the objection must be dismissed.