■ BRUCE S. SIMON, Respondent, v AMY E. SIMON, Appellant. [867 NYS2d 55]—

Judgment, Supreme Court, New York County (Judith J. Gische, J.), entered April 1, 2006, inter alia, distributing marital property and awarding defendant maintenance and child support, unanimously modified, on the law and the facts, to delete the award of child support and to include an award of health insurance coverage separate from plaintiff's other maintenance obligations, the matter remanded to the trial court for a recalculation of the parties' respective child support obligations, and for a finding as to the cost of health insurance for defendant at the predivorce level of coverage, and otherwise affirmed, without costs.

While no basis exists to disturb the trial court's crediting of plaintiff's testimony regarding the reduction in his income and its resulting finding that the parties' predivorce lifestyle cannot be supported by their present combined income, under the circumstances, including the disparity in the parties' future earning capacity and defendant's ongoing health problems, the court should have directed that plaintiff pay defendant the cost of private health insurance, in addition to his regular nondurational maintenance obligation of $10,000 per month (*see Guneratne v Guneratne*, 214 AD2d 871, 873 [1995]; *Feldman v Feldman*, 194 AD2d 207, 219 [1993]). As the record does not permit a finding as to the cost of such health insurance, we remand for a determination thereof (*see Hendricks v Hendricks*, 13 AD3d 928, 930 [2004]). We also remand for a recalculation of child support, required because the court improperly included future maintenance payments as part of defendant's income (*see Huber v Huber*, 229 AD2d 904 [1996]). Upon recalculation, the trial court should deduct from the plaintiff's income the amount he pays in maintenance, but should not add the same amount to defendant's income (*see Tryon v Tryon*, 37 AD3d 455

[2007]). The court appropriately exercised its discretion in granting a five-day adjournment rather than the longer one requested by defendant's substitute counsel (*see Schneyer v Silberg*, 156 AD2d 200, 201 [1989], *lv denied* 77 NY2d 872 [1991]). Based on the court's schedule and the five-day adjournment granted, successor counsel had nearly a month to prepare for trial. We have considered defendant's other arguments, including those relating to the classification, valuation and distribution of property and the award of maintenance, and find them unavailing. Concur—Lippman, P.J., Mazzarelli, Williams and Buckley, JJ.