In the Matter of Ivy GARDUNO, Appellant, v FRANKLIN VALDEZ, Respondent. [52 NYS3d 345]—

Order, Family Court, New York County (Adetokunbo O. Fasanaya, J.), entered on or about October 13, 2016, which, to the extent appealed from, granted respondent ex-husband's objections to a modification of an earlier support order (the modified order) and remanded the matter for recalculation by the Support Magistrate, unanimously reversed, on the law and the facts, without costs, the objections denied, and the modified order reinstated. Appeal from order, Family Court, New York County (Karen D. Kolomechuk, S.M.), entered on or about November 15, 2016, issued upon the aforementioned remand, unanimously dismissed, without costs, as academic.

The modified order was consistent with the application of the statutory formula followed in *Matter of Cassano v Cassano* (85 NY2d 649, 651 [1995], citing Family Ct Act § 413; Domestic Relations Law § 240), and the Support Magistrate did not improvidently exercise her discretion in issuing it. The Support Magistrate properly calculated the husband's 2015 salary as $126,160.15, which was the salary the husband testified to at the support hearing and the amount of his gross income as reflected on his 2015 W-2. The husband's voluntarily deferred income in the form of his 401 (k) contributions was properly included in his income (Family Ct Act § 413 [1] [b] [5] [iii]; *see also Gilbert v Gilbert*, 32 AD3d 414, 416 [2d Dept 2006]).

The Family Court also incorrectly found that the Support Magistrate improperly applied the Child Support Standards Act (CSSA) to the parties' combined income above the statu-

tory cap of $143,000. The Support Magistrate had the option of applying the statutory percentage (here, 17% for one child) "and/or" the statutory factors contained in subsection (f) of Family Ct Act § 413, or some combination of those two methods (*see Cassano*, 85 NY2d at 653-654; *see also Gina P. v Stephen S.*, 33 AD3d 412 [1st Dept 2006]). The Support Magistrate elected to apply the statutory percentage to the parties' above-the-cap income and provided three sound reasons for doing do, including the child's special needs, which was not an improvident exercise of discretion (*id.*; *see also Anonymous v Anonymous*, 286 AD2d 585 [1st Dept 2001]). Concur—Friedman, J.P., Renwick, Moskowitz, Feinman and Kapnick, JJ.