Matter of Inzinna v Inzinna

2026 NY Slip Op 02406

April 22, 2026

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This decision is uncorrected and subject to revision before publication in the Official Reports.

In the Matter of Tara Inzinna, appellant,

v

Patrick Inzinna, respondent. (Proceeding No. 1.)

In the Matter of Patrick Inzinna, respondent,

Tara Inzinna, appellant. (Proceeding No. 2.)

Supreme Court of the State of New York, Appellate Division, Second Judicial Department

Decided on April 22, 2026

2024-02391, (Docket Nos. F-7221-23, F-7960-23)

Betsy Barros, J.P.

Lillian Wan

Donna-Marie E. Golia

Elena Goldberg Velazquez, JJ.

Wand & Goody, LLP, Commack, NY (Jennifer H. Goody of counsel), for appellant.

Geffner Kersch, P.C., Garden City, NY (Alisa J. Geffner of counsel), for respondent.

[*1]

DECISION & ORDER

In related proceedings pursuant to Family Court Act article 4, the mother appeals from an order of the Family Court, Suffolk County (Alfred C. Graf, J.), dated March 13, 2024. The order denied the mother's objections to (1) an order of the same court (Jennifer Ann Mendelsohn, S.M.) dated January 24, 2024, which, after a hearing, and upon findings of fact dated January 16, 2024, directed the father to pay certain spousal support, and (2) so much of an order of the same court (Jennifer Ann Mendelson, S.M.) also dated January 24, 2024, as, after a hearing, and upon the findings of fact dated January 16, 2024, directed the mother to pay certain child support.

ORDERED that the order dated March 13, 2024, is reversed, on the law, with costs, the mother's objections to the first order dated January 24, 2024, and so much of the second order dated January 24, 2024, as directed the mother to pay certain child support, are granted, the first order dated January 24, 2024, and that portion of the second order dated January 24, 2024, are vacated, and the matter is remitted to the Family Court, Suffolk County, for further proceedings in accordance herewith.

The parties were married in 2009 and have two children. In January 2023, the parties separated. In May 2023, the mother filed a petition seeking spousal support, and the father thereafter filed a petition seeking child support.

After a hearing, wherein both parties testified, the Support Magistrate issued findings of fact, determining, inter alia, that the father's income was approximately $161,000 and imputing income in the amount of $79,196.04 to the mother. In an order dated January 24, 2024, upon the findings of fact, the Support Magistrate directed that the father pay certain spousal support to the mother. In a separate order of the same date, upon the findings of fact, the Support Magistrate directed, among other things, that the mother pay certain child support to the father.

In February 2024, the mother filed objections to the first order dated January 24, 2024, and so much of the second order dated January 24, 2024, as directed her to pay certain child [*2]support to the father. In an order dated March 13, 2024, the Family Court denied the mother's objections. The mother appeals.

The Family Court erred in denying the mother's objections. Family Court Act § 413(1)(b)(5) provides that a party's income shall include all gross income that should have been reported in the most recent federal income tax return plus "to the extent not already included in gross income . . . , the amount of income or compensation voluntarily deferred and income received . . . from . . . pensions and retirement benefits" (id. § 413[1][b][5][iii][F]). The Support Magistrate determined that the father's income was approximately $161,000. Since the father's deferred income was not counted, a recalculation of the father's combined income is necessary (see Gilbert v Gilbert, 32 AD3d 414).

"'A court is not bound by a party's account of his or her own finances, and where a party's account is not believable, the court is justified in finding a true or potential income higher than that claimed'" (Matter of Vittorio v Vittorio, 236 AD3d 805, 806, quoting Saks v Saks, 199 AD3d 950, 952; see Malkani v Malkani, 208 AD3d 863, 865). Family Court Act § 413(1)(b)(5)(iv)(D) provides that "the court may attribute or impute income from such other resources as may be available to the parent, including, but not limited to . . . money, goods, or services provided by relatives and friends."

The Support Magistrate improvidently exercised her discretion in imputing additional income to the mother in excess of her reported income (see Matter of Rahim v Braden, 239 AD3d 862, 863; Matter of Bram v Bram, 228 AD3d 933, 935).

Accordingly, we remit the matter to the Family Court, Suffolk County, for a new determination of the parties' child support and maintenance obligations.

BARROS, J.P., WAN, GOLIA and GOLDBERG VELAZQUEZ, JJ., concur.

ENTER:

Darrell M. Joseph

Clerk of the Court