■ DAVID W. BROWN, Appellant, v NANCY BROWN, Respondent. [680 NYS2d 15] —Order, Supreme Court, New York County (Elliott Wilk, J.), entered January 15, 1997, which, insofar as appealed from, denied plaintiff's post-judgment motion for the entry of a money judgment based upon plaintiff's claim to certain payments from defendant and directed that a Special Referee determine the issue of payment pursuant to the court's interpretation of the relevant provision of the parties' divorce judgment, unanimously affirmed, without costs.

At issue on this appeal is defendant's obligation, under the stipulation of settlement and judgment of divorce, to pay plaintiff certain income generated by a photographic stock agency's sale of their jointly-owned photographs. While the IAS Court construed the disputed provision in the divorce judgment to require defendant to pay plaintiff $3,000 quarterly to the extent that defendant received $3,000 from the agency, and that defendant was entitled to keep only whatever she received in excess of $3,000 per quarter, the judgment actually provides that defendant is to pay plaintiff "$12,000 annually, or $3,000 quarterly." Thus, defendant's obligation should be framed in terms of her annual obligation, i.e., at year's end, plaintiff is entitled to have received $12,000 to the extent that defendant, over the course of the year, received a total of $12,000 from the agency, regardless of the actual amount she received per quarter.

To the extent there may be any conflict between the judgment and the parties' earlier oral stipulation of settlement, the judgment governs (*see, Rainbow v Swisher*, 72 NY2d 106, 110). Concur—Sullivan, J. P., Milonas, Rubin, Williams and Andrias, JJ.