■ WLODZIMERZ GURYN, Respondent, v DEBORAH S. GURYN, Appellant. [764 NYS2d 716] —In a matrimonial action in which the parties were divorced by a judgment entered June 24, 1991, the defendant appeals, as limited by her brief, from so much of an order of the Supreme Court, Suffolk County (McNulty, J.), dated September 30, 2002, as granted the plaintiff a credit toward his child support obligation for college expenses he paid.

Ordered that the order is reversed insofar as appealed from, on the law, with costs, and the matter is remitted to the Supreme Court, Suffolk County, for a new calculation of the financial capabilities of the plaintiff to contribute to the costs of college.

The plaintiff's obligation for college expenses cannot be credited toward his child support payments because the parties entered into a stipulation in open court, incorporated but not merged into the judgment of divorce, which expressly required the plaintiff to assume a share of their children's college expenses (see Regan v Regan, 254 AD2d 402, 403 [1998]; Grobman v Grobman, 251 AD2d 544 [1998]; Matter of Kurzon v Kurzon, 246 AD2d 693, 694-695 [1998]). To permit a credit would eliminate entirely any meaningful contribution of the plaintiff toward college expenses and would repudiate the provision of the stipulation that child support payments continue while the child is enrolled in college until the age of 22 years.

In fixing the plaintiff's contribution to college expenses, the parties' stipulation required that the Supreme Court determine the plaintiff's financial capabilities at the time the child is enrolled in college. The child support obligation of the plaintiff is but one of the factors to be considered in ascertaining his financial capabilities.

Accordingly, the matter is remitted to the Supreme Court, Suffolk County, for a new calculation in accordance with the parties' stipulation. Florio, J.P., Feuerstein, Crane and Rivera, JJ., concur.