■ ELIZABETH M. NORTON, Respondent, v KRISTOPHER F. KENDERES, Appellant. [803 NYS2d 708]—In a matrimonial action in which the parties were divorced by judgment dated July 7, 2000, the defendant appeals, as limited by his brief, from stated portions of an order of the Supreme Court, Dutchess County (Brands, J.), dated October 6, 2004, which, inter alia, (a) denied that branch of his motion, denominated as one for leave to renew, but which was, in effect, for leave to reargue his prior motion to vacate or modify an order of protection of the same court dated September 25, 2001, which, among other things, directed him to stay at least 2,500 feet away from the home of the plaintiff, (b) denied that branch of his motion which was for recusal, and (c) granted that branch of the plaintiff's cross motion which was to impose a sanction upon him pursuant to 22 NYCRR 130-1.1, to the extent of directing his attorney to pay the sum of $250 to the Lawyers' Fund for Client Protection.

Ordered that the appeal from so much of the order as denied that branch of the motion, denominated as one for leave to renew, but which was, in effect, for leave to reargue the defendant's prior motion to vacate or modify the order of protection dated September 25, 2001, is dismissed, as no appeal lies from an order denying reargument; and it is further,

Ordered that the appeal from so much of the order as granted that branch of the cross motion which was to impose a sanction upon the defendant pursuant to 22 NYCRR 130-1.1, to the extent of directing his attorney to pay the sum of $250 to the

Lawyers' Fund for Client Protection, is dismissed, as the defendant is not aggrieved by that portion of the order (*see* CPLR 5511); and it is further,

Ordered that the order is affirmed insofar as reviewed, with costs.

That branch of the defendant's motion, denominated as one for leave to renew his prior motion to vacate or modify an order of protection dated September 25, 2001, which, among other things, directed him to stay at least 2,500 feet away from the home of the plaintiff, was not based upon new facts that were unavailable at the time of the original motion. Therefore, that branch of the motion was, in effect, one for leave to reargue, the denial of which is not appealable (*see* CPLR 2221 [e]; *Cong. Bais Rabbenu v 26 Adar N.B. Corp.*, 282 AD2d 642, 642-643 [2001]; *McCorvey v Schoulder*, 273 AD2d 207 [2000]).

The Supreme Court providently exercised its discretion in denying that branch of the defendant's motion which was for recusal (*see Warm v State of New York*, 265 AD2d 546, 547 [1999]).

The defendant's remaining contentions are without merit. H. Miller, J.P., Cozier, Ritter and Dillon, JJ., concur.