■ In the Matter of DONNA DORCEAN, Respondent, v RONALD LONGUEIRA, Appellant. (Proceeding No. 1.) In the Matter of RONALD LONGUEIRA, Appellant, v DONNA DORCEAN, Respondent. (Proceeding No. 2.) [843 NYS2d 410]—

In two related child support proceedings pursuant to Family Court Act article 4, the father appeals from an order of the Family Court, Rockland County (Warren, J.), entered August 22, 2006, which denied his objections to so much of an order of the same court (Miklitsch, S.M.), dated October 20, 2005, which, after a hearing, inter alia, failed to grant him a credit toward his child support obligation for college room and board expenses, and upwardly adjusted his child support obligation.

Ordered that the order is affirmed, without costs or disbursements.

The parties' separation agreement, which was incorporated but not merged into their judgment of divorce, constituted a valid agreement to opt out of the provisions of the Child Support Standards Act. Contrary to the father's contention, the Family Court correctly determined that he was not entitled to a credit for college room and board expenses against his basic child support obligation. The agreement set forth the father's obligation to pay basic child support and educational expenses in separate provisions, and characterized "dormitory expenses, room, board" as educational expenses. The provisions relating to the recalculation of the father's child support obligation in 2001 and every two years thereafter do not refer to his separate obligation for educational expenses or provide for any offset or credit for educational expenses paid. Under the circumstances, the father's payment of educational expenses, including room and board, cannot be credited toward basic child support (see Matter of Meccico v Meccico, 76 NY2d 822, 824 [1990]; Tryon v Tryon, 37 AD3d 455 [2007]; Guryn v Guryn, 308 AD2d 564 [2003]; Regan v Regan, 254 AD2d 402 [1998]).

The separation agreement explicitly provided for an adjustment of basic child support based upon the consumer price index.

The father's remaining contentions are without merit. Schmidt, J.P., Goldstein, Skelos and Fisher, JJ., concur.