■ DAVID WEINSCHNEIDER, Respondent, v DEVORAH WEINSCHNEIDER, Appellant. [857 NYS2d 613]—

In a matrimonial action in which the parties were divorced by judgment dated September 22, 2005, the defendant appeals, as limited by her notice of appeal and brief, from so much of an order of the Supreme Court, Kings County (Krauss, J.), dated October 16, 2006, as denied those branches of her motion which were to direct the plaintiff, pursuant to a stipulation of settlement which was incorporated but not merged into the judgment of divorce, to pay 100% of the "education expenses" for the parties' children, for an award of an attorney's fee, and, in effect, for leave to reargue that branch of the plaintiff's application which was to direct her to pay one-third of the fee of the attorney for the children, which had been granted in an order of the same court dated August 25, 2005.

Ordered that the appeal from so much of the order as denied

that branch of the defendant's motion which was, in effect, for leave to reargue is dismissed, without costs or disbursements, as no appeal lies from an order denying reargument (*see Norton v Kenderes*, 22 AD3d 817, 818 [2005]; *Rivera v Toruno*, 19 AD3d 473, 474 [2005]), and it is further,

Ordered that the order is modified, on the law, by deleting the provision thereof denying that branch of the defendant's motion which was to direct the plaintiff, pursuant to a stipulation of settlement which was incorporated but not merged into the judgment of divorce, to pay 100% of the educational expenses of the parties' children and substituting therefor a provision granting that branch of the motion; as so modified, the order is affirmed insofar as reviewed, without costs or disbursements.

The parties are the parents of five minor children, all of whom attend or attended private schools. A stipulation of settlement set forth on the record in open court, and incorporated but not merged into the final judgment of divorce, provided that the plaintiff would be responsible for "100% of the [children's] tuition through high school." The judgment of divorce, however, provided that the plaintiff would be responsible to pay "100% of the education expenses of the parties' children through each child's graduation from high school."

The tuition bills from the private schools attended by the parties' children, which were submitted in support of the defendant's motion, included fees for "registration," "building fund," and "annual dinner." While the plaintiff paid the portion of the bill which was for "tuition," he refused to pay for any of the additional fees, notwithstanding their inclusion on the tuition contract.

Where there is a conflict between a settlement agreement and the decretal provisions of a later divorce judgment from which no appeal was taken nor modification sought, the judgment will govern (*see Rainbow v Swisher*, 72 NY2d 106, 109, 110 [1988]). In light of the tuition bills from the relevant educational institutions which list various fees under the heading "Tuition Contract," the court erred in determining that the parties' intention was to limit the plaintiff's responsibility to only that fee under the subheading "tuition." Under the circumstances of this case, the term "education expenses" must be construed to include all fees necessary for enrollment (*see Matter of Dorcean v Longueira*, 44 AD3d 770 [2007]; *Attea v Attea*, 30 AD3d 971, 972 [2006], *affd* 7 NY3d 879 [2006]; *cf. Lee v Lee*, 18 AD3d 513 [2005]).

The defendant was not entitled to an award of an attorney's fee as she failed to submit adequate documentation of fees paid

in connection with an earlier cross motion (*see* 22 NYCRR 202.16 [k] [2]; *Bertone v Bertone*, 15 AD3d 326 [2005]; *Wong v Wong*, 300 AD2d 473, 474 [2002]).

The defendant's remaining contention is without merit. Prudenti, P.J., Fisher, Miller and Balkin, JJ., concur.