(June 29, 2010)

■ ADESSO CAFÉ BAR & GRILL, INC., et al., Appellants, v RICH-
ARD BURTON et al., Respondents. [904 NYS2d 490]—

In an action, inter alia, to recover damages for breach of contract, the plaintiffs appeal, as limited by their brief, from so much of an order of the Supreme Court, Westchester County (Scheinkman, J.), entered September 9, 2009, as denied that branch of their motion which was for summary judgment on so much of the complaint as sought an award of an attorney's fee.

Ordered that the order is affirmed insofar as appealed from, without costs or disbursements.

In January 2008 the plaintiffs and the defendants Richard Burton and Jima Bouldin-Burton (hereinafter together the de- fendants), entered into a contract whereby the plaintiffs purchased the leasehold and assets of the defendants' business, the Mount Vernon All Star Café. Among the contract's many provisions was an indemnification clause which stated, in part: "6.1 *Indemnification by the Seller*. . . [T]he seller will . . . indemnify and hold harmless the Purchaser . . . in respect of . . . any and all . . . costs and expenses incurred or suffered by any Seller Indemnified party that result from, relate to or arise out of . . . any material misrepresentation, breach of material warranty or nonfulfillment of any material agreement or cove- nant on the part of the Seller under this Agreement or from any misrepresentation in or omission from any certificate, schedule, statement, document or instrument furnished to the Purchaser pursuant hereto in connection with the negotiation, execution or performance of this Agreement . . . 6.3 *Procedure*. Notice must be given within a reasonable time after the discovery of any fact or circumstance on which a party could claim indemnification . . . No claim for which indemnification is asserted shall be settled or compromised without written consent of the Seller and the Purchaser." After the closing, the plaintiffs alleged that the defendants had made numerous mate- rial misrepresentations, and they commenced this action, inter alia, to recover damages for breach of contract, fraud, and mate-

rial misrepresentations. The complaint also sought an award of an attorney's fee. Subsequently, the plaintiffs moved, among other things, for summary judgment on the complaint. The plaintiffs also sought an award of an attorney's fee, based upon the indemnification clause of the contract. The Supreme Court granted various relief to the plaintiffs, but "rejected [the] claim for attorneys' fees," finding that the agreement was not unmistakably clear that the defendants agreed to indemnify the plaintiffs for counsel fees "incurred in prosecuting this action to obtain indemnification on the damages [which the plaintiff] sustained as a result of the . . . defendants' breach of contract." We affirm.

As the Court of Appeals stated in *Hooper Assoc. v AGS Computers* (74 NY2d 487, 491 [1989]): "Under the general rule, attorney's fees are incidents of litigation and a prevailing party may not collect them from the loser unless an award is authorized by agreement between the parties, statute or court rule . . . [w]ords in a contract are to be construed to achieve the apparent purpose of the parties . . . [t]his is particularly true with indemnity contracts. *When a party is under no legal duty to indemnify, a contract assuming that obligation must be strictly construed to avoid reading into it a duty which the parties did not intend to be assumed. The promise should not be found unless it can be clearly implied from the language and purpose of the entire agreement and surrounding facts and circumstances*" (citations omitted; emphasis added). Here, the indemnification language in the contract is not so "unmistakably clear" as to read into the contract the obligation that the defendants were to indemnify the plaintiffs for the attorney's fees incurred by the plaintiffs in prosecuting this action (*id.* at 492). Indeed, this conclusion is bolstered by the fact that provisions within the second part of the contract's indemnification clause, entitled "Procedure," are inconsistent with a lawsuit between the parties (*id.* at 492-493). Where "the language of the parties is not clear enough to enforce an obligation to indemnify, [the courts] are unwilling to rewrite the contract and supply a specific obligation the parties themselves did not spell out" (*Tonking v Port Auth. of N.Y. & N.J.*, 3 NY3d 486, 490 [2004]; *see Bourne Co. v MPL Communications, Inc.*, 751 F Supp 55, 57 [1990]; *Hooper Assoc. v AGS Computers*, 74 NY2d at 491; *Matter of A.G. Ship Maintenance Corp. v Lezak*, 69 NY2d 1 [1986]).

Accordingly, the Supreme Court properly denied that branch of the plaintiffs' motion which was for summary judgment on so much of the complaint as sought an award of an attorney's fee. Santucci, J.P., Angiolillo, Dickerson and Austin, JJ., concur.