■ Louis Gampero et al., Respondents, v Monachan Mathai, Appellant, et al., Defendant. [964 NYS2d 210]—

In an action, inter alia, to recover damages for breach of contract, the defendant Monachan Mathai appeals (1) from an order of the Supreme Court, Nassau County (Adams, J.), entered October 6, 2010, which, in effect, granted those branches of the plaintiffs' motion which were for summary judgment on the first cause of action in the sum of $72,433.19 and the third cause of action, which was for an award of an attorney's fee in the sum of $7,000, and denied his cross motion, in effect, for summary judgment dismissing the first cause of action insofar as asserted against him, (2) from a judgment of the same court entered November 18, 2010, which, upon the order entered October 6, 2010, is in favor of the plaintiffs and against him in the sum of $83,813.49, (3), as limited by his brief, from so much of an order of the same court entered January 7, 2011, as, upon renewal and reargument, adhered to the prior determinations in the order entered October 6, 2010, (4), as limited by his brief, from so much of an order of the same court entered November 1, 2011, as (a) denied that branch of his motion which was pursuant to 22 NYCRR 130-1.1 for an award of an attorney's fee incurred as a result of the plaintiffs' allegedly frivolous conduct, and (b), upon renewal, (i) adhered to the determination in the order entered January 7, 2011, made upon renewal and reargument, adhering to the determination in the order entered October 6, 2010, granting that branch of the plaintiffs' motion which was for summary judgment on the issue of liability on the first cause of action, and (ii) upon vacating the determination in the order entered January 7, 2011, made upon renewal and reargument, adhering to the determination in the order entered October 6, 2010, directing that the plaintiffs be awarded the sum of $72,433.19 on the first cause of action, modified the order entered October 6, 2010, by reducing the amount to be awarded to the plaintiffs on the first cause of action from the sum of $72,433.19 only to the sum of $18,433.19, and (5), as limited by his brief, from so much of an amended judgment of the same court entered January 6, 2012, as, upon the orders entered October 6, 2010, January 7, 2011, and November 1, 2011, is in favor of the plaintiffs and against him in the sum of $32,203.88.

Ordered that the appeals from the orders and the judgment entered November 18, 2010, are dismissed; and it is further,

Ordered that the amended judgment is reversed insofar as appealed from, on the law, that branch of the plaintiffs' motion which was for summary judgment on the third cause of action, which was for an award of an attorney's fee in the sum of $7,000, is denied, upon renewal, that branch of the plaintiffs'

motion which was for summary judgment on the first cause of action is denied, and the orders entered October 6, 2010, January 7, 2011, and November 1, 2011, are modified accordingly; and it is further,

Ordered that one bill of costs is awarded to the appellant.

The appeals from the orders entered October 6, 2010, January 7, 2011, and November 1, 2011, must be dismissed because the right of direct appeal therefrom terminated with the entry of judgment in the action (see Matter of Aho, 39 NY2d 241, 248 [1976]). The issues raised on the appeals from the intermediate orders are brought up for review and have been considered on the appeal from the amended judgment entered January 6, 2012 (see CPLR 5501 [a] [1]).

The appeal from the judgment entered November 18, 2010, must be dismissed, as that judgment was superseded by the amended judgment entered January 6, 2012.

On June 3, 2008, the plaintiff Louis Gampero and the defendant Monachan Mathai entered into a stock purchase agreement (hereinafter the stock purchase agreement) for the sale of an automobile collision repair business known as New Security Collision, Inc. (hereinafter New Security) from Mathai to Gampero. The stock purchase agreement contained an indemnification provision. In the stock purchase agreement, Mathai expressly represented that New Security had no unpaid debts, tax liabilities, or other financial obligations. The closing was conducted on July 29, 2008, but, after it took place, Gampero began receiving invoices and notices of debts, which he claims had accrued prior to the closing and, therefore, were Mathai's responsibility. One of the creditors was an auto supply company, Security Dodge Chrysler, which commenced an action against New Security in the District Court, Suffolk County, seeking to recover payments on invoices in the amount of $9,476.10.

In May 2009, Gampero and New Security commenced this action, alleging, inter alia, breach of contract and fraudulent misrepresentation. The plaintiffs sought enforcement of the indemnification provision of the stock purchase agreement. The plaintiffs successfully moved for summary judgment, in effect, on the first and third causes of action, which sought indemnification and an award of an attorney's fee, respectively. The Supreme Court entered an amended judgment in the plaintiffs' favor and against Mathai in the sum of $32,203.88.

The Supreme Court erred in granting those branches of the plaintiffs' motion which were for summary judgment on the first and third causes of action. With respect to the first cause of action, pursuant to which the plaintiffs sought to enforce the

indemnification provision of the stock purchase agreement, the plaintiffs failed to demonstrate that they had made payment on the debts for which Mathai was allegedly liable, or that they had suffered a loss in connection with those alleged debts. With limited exceptions not applicable here, a cause of action seeking indemnification is not enforceable until payment is made or a loss is suffered by the party seeking indemnification (*see McDermott v City of New York*, 50 NY2d 211, 217 [1980]; *Bay Ridge Air Rights v State of New York*, 44 NY2d 49, 54 [1978]; *Varo, Inc. v Alvis PLC*, 261 AD2d 262, 265 [1999]). Here, the plaintiffs failed to establish, prima facie, that they actually paid any of the debts they attribute to Mathai. The plaintiffs' proof on that issue, which was submitted for the first time in their reply papers, may not be considered for purposes of establishing their prima facie entitlement to judgment as a matter of law (*see Rosenzweig v Friedland*, 84 AD3d 921, 925 [2011]; *Tingling v C.I.N.H.R., Inc.*, 74 AD3d 954, 955 [2010]). Additionally, with respect to a Workers' Compensation penalty for which the plaintiffs sought indemnification, they failed to establish that the penalty was incurred when Mathai still owned New Security.

The plaintiffs also failed to establish their entitlement to judgment as a matter of law on their third cause of action, which sought an award of an attorney's fee. The language of the indemnification provision does not clearly and unambiguously permit the plaintiffs to recover from Mathai an attorney's fee incurred in connection with the prosecution of the instant action (*see Adesso Café Bar & Grill, Inc. v Burton*, 74 AD3d 1253, 1254 [2010]), and the plaintiffs failed to demonstrate that any of the legal work performed by their counsel was necessary to defend the District Court action commenced against them by Security Dodge Chrysler. Consequently, that branch of the plaintiffs' motion which was for summary judgment on the third cause of action should have been denied.

The Supreme Court, however, properly denied Mathai's cross motion, in effect, for summary judgment dismissing the first cause of action insofar as asserted against him. Mathai contended that he was entitled to judgment as a matter of law dismissing the indemnification cause of action because the plaintiffs failed to establish that they had paid any of the alleged debts. Mathai, however, may not rely on deficiencies in the plaintiffs' proof in order to establish his affirmative entitlement to judgment as a matter of law dismissing the indemnification cause of action (*see Blackwell v Mikevin Mgt. III, LLC*, 88 AD3d 836, 837 [2011]). By failing to establish affirmatively that

the plaintiffs had not incurred losses, Mathai failed to establish, prima facie, his entitlement to judgment as a matter of law dismissing the first cause of action insofar as asserted against him.

Finally, the Supreme Court properly denied that branch of Mathai's subsequent motion which was pursuant to 22 NYCRR 130-1.1 for an award of an attorney's fee incurred as a result of the plaintiffs' allegedly frivolous conduct (*see Weinschneider v Weinschneider*, 50 AD3d 1128, 1129-1130 [2008]). Dillon, J.P., Balkin, Chambers and Miller, JJ., concur.