Appeal from an order of the Supreme Court, Westchester County (William J. Giacomo, J.), entered April 17, 2015. The order, insofar as appealed from, granted those branches of the separate motions of the defendant PNC Bank, N.A., doing business as National City Bank, the defendants Evolution Mortgage, Inc., and Joseph Sciacca, and the defendants Watermark Capital, Inc., and Nicholas Joutz, which were for summary judgment dismissing the complaint insofar as asserted against each of them, and granted that branch of the motion of the defendant PNC Bank, N.A., doing business as National City Bank, which was for an award of an attorney’s fee.
 

 Ordered that the order is modified, on the law, (1) by deleting the provision thereof granting that branch of the motion of the defendant PNC Bank, N.A., doing business as National City Bank, which was for an award of an attorney’s fee, and substituting therefor a provision denying that branch of the motion, and (2) by deleting the provision thereof granting that branch of the motion of the defendants Watermark Capital, Inc., and Nicholas Joutz which was for summary judgment dismissing the fourth cause of action insofar as asserted against the defendant Watermark Capital, Inc., and substituting therefor a provision denying that branch of the motion; as so modified, the order is affirmed insofar as appealed from, without costs or disbursements.
 

 In October 2006, the plaintiffs husband, Gerhard P. Hutter, began having discussions with an individual named Todd Matthews about obtaining a home equity line of credit (hereinafter HELOC) on property owned by the plaintiff in Bedford. According to Hutter, Matthews told Hutter that he was employed by the defendant Watermark Capital, Inc. (hereinafter Watermark). Since Matthews was not licensed to perform broker services in New York, he allegedly contacted Charles Dragna, who held the title of “corporate secretary” at Watermark, to handle the transaction. Watermark also was not licensed to perform broker services in New York, so Dragna, in turn, referred the plaintiff’s HELOC to the defendant Joseph Sciacca, a loan officer at the defendant Evolution Mortgage, Inc. (hereinafter Evolution). It is undisputed that Matthews “gathered and prepared the documents” for the plaintiff’s HELOC, and that Dragna acted “as a facilitator in terms of getting the package from Todd Matthews to Evolution.”
 

 On December 21, 2006, a “Loan or Line Registration/ Submission Form” was submitted to the defendant PNC Bank, N.A., doing business as National City Bank (hereinafter PNC), indicating, among other things, that the plaintiff sought a HELOC in the amount of $255,000, that the plaintiff had a monthly income of $23,750, and that the plaintiff was employed by Industrial Distribution Corp. Evolution was listed as the broker of record, and Sciacca was listed as the loan officer. A closing was held on January 17, 2007, at which time the plaintiff signed, among other documents, an “Equity Reserve Agreement” and a “Credit Line Mortgage,” pursuant to which she obtained a HELOC from PNC in the amount of $255,000, which was secured by a mortgage on her property.
 

 In July 2010, the plaintiff commenced this action against PNC, Evolution, Sciacca, Watermark, and Nicholas Joutz (hereinafter collectively the defendants), alleging, among other things, that the defendants fraudulently induced her to obtain the HELOC. She also alleged that although Evolution was listed as the broker of record, it was Watermark that solicited, negotiated, and processed her HELOC in violation of Banking Law § 590 (2) (b). The plaintiff further alleged that Joutz, who allegedly was an officer of Watermark, “formulated the company policies and participated in,” among other things, “Watermark’s arranging the [PNC] credit line for [the plaintiff] .” The plaintiff sought damages but did not seek rescission of the HELOC.
 

 PNC, Evolution and Sciacca, and Watermark and Joutz, separately moved, inter alia, for summary judgment dismissing the complaint insofar as asserted against each of them. PNC also moved for an award of an attorney’s fee pursuant to the terms of the Equity Reserve Agreement and the Credit Line Mortgage. In an order entered April 17, 2015, the Supreme Court awarded summary judgment in favor of each of the defendants and determined that PNC was entitled to an award of an attorney’s fee “[p]ursuant to the language of the loan documents.” The plaintiff appeals, arguing that the defendants’ summary judgment motions should have been denied as untimely, that PNC was not entitled to an award of an attorney’s fee under the Equity Reserve Agreement or the Credit Line Mortgage, and that triable issues of fact existed as to whether Watermark and Joutz violated Banking Law § 590 (2) (b).
 

 We agree with the plaintiff that the Supreme Court erred in granting that branch of PNC’s motion which was for an award of an attorney’s fee under the terms of the Equity Reserve Agreement and the Credit Line Mortgage. Paragraph 10 of the Credit Line Mortgage provided, in pertinent part: “If Mortgagor breaches any covenant in this Security Instrument, Mortgagor agrees to pay all expenses Lender incurs in performing such covenants or protecting its security interest in the Property. Such expenses include, but are not limited to, fees incurred for inspecting, preserving, or otherwise protecting the Property and the Lender’s security interest. . . . Mortgagor agrees to pay all costs and expenses incurred by Lender in collecting, enforcing or protecting Lender’s rights and remedies under this Security Instrument. This amount may include, but is not limited to, reasonable attorneys’ fees not in excess of 15% of the unpaid debt if the loan is referred for collection to an attorney who is not a salaried employee of the Lender, court costs, and other legal expenses.” The Equity Reserve Agreement permitted the recovery of fees “[t]o the extent permitted by 11 USC 506 . . . for independent counsel that Bank hires.”
 

 Here, not only did PNC fail to assert a counterclaim against the plaintiff seeking an attorney’s fee under the terms of the Equity Reserve Agreement and the Credit Line Mortgage (see Buxton v Streany, 68 AD3d 1036, 1038 [2009]), but PNC also failed to demonstrate, prima facie, that it was entitled to that relief in connection with this action (see Gampero v Mathai, 105 AD3d 995, 998 [2013]; Masi v Kir Munsey Park 020 LLC, 76 AD3d 514 [2010]; Adesso Café Bar & Grill, Inc. v Burton, 74 AD3d 1253, 1254 [2010]). There is no evidence in the record that PNC took any steps to “protect [ ] its security interest in the Property,” that “the [plaintiff’s] loan [was] referred for collection to an attorney who is not a salaried employee of [PNC],” or that PNC hired independent counsel. Accordingly, the Supreme Court erred in granting that branch of PNC’s motion which was for an award of an attorney’s fee under the Equity Reserve Agreement and the Credit Line Mortgage.
 

 Moreover, the Supreme Court erred in granting that branch of the motion of Watermark and Joutz which was for summary judgment dismissing the fourth cause of action, alleging a violation of Banking Law § 590 (2) (b), insofar as asserted against Watermark (see Hutter v Countrywide Bank, N.A., 2015 WL 5439086, 2015 US Dist LEXIS 122882 [SD NY, Sept. 14, 2015, No. 09-cv-10092 (NSR)]). Banking Law § 590 (2) (b), wliich is contained in Banking Law article 12-D, requires entities and individuals that “engage in the business of soliciting, processing, placing or negotiating a mortgage loan” to register as “a mortgage broker” with the superintendent of the New York State Banking Department. Here, Watermark and Joutz made a prima facie showing that they did not violate Banking Law § 590 (2) (b) by demonstrating that Evolution was the broker of record, that Evolution issued a check and an IRS Form 1099 to Dragna for his work in connection with the plaintiffs HELOC, and that Evolution filed an “Undertaking of Accountability” with the New York State Banking Department on December 22, 2006, stating that it had hired Dragna as an independent contractor on December 21, 2006.
 

 In opposition, however, the plaintiff raised a triable issue of fact as to whether Watermark “engage [d] in the business of soliciting, processing, placing or negotiating a mortgage loan” in violation of Banking Law § 590 (2) (b). In particular, although Watermark and Joutz insist that Matthews was not an employee of Watermark, the plaintiff submitted documentary evidence indicating that Matthews was employed by Watermark during the relevant time period, including a facsimile sent by Matthews to the plaintiff on Watermark’s letterhead, and a document on which the name “Watermark Home Loans” appears directly below Matthews’s signature line. In addition, in light of Dragna’s deposition testimony that he endorsed the check he received from Evolution to Watermark and deposited the funds into Watermark’s operating account, a question of fact exists as to whether Dragna provided broker services in connection with the plaintiff’s HELOC in his individual capacity or in his capacity as an employee of Watermark.
 

 Nevertheless, in opposition to the prima facie showing that Joutz did not violate Banking Law § 590 (2) (b), the plaintiff failed to raise a triable issue of fact concerning whether Joutz personally participated in “soliciting, processing, placing or negotiating” her HELOC (Banking Law § 590 [2] [b]). “A corporate officer may be held personally liable for a fraudulent act committed in his or her capacity as a corporate officer provided that the officer personally participated in the misrepresentation or had actual knowledge of it” (YDRA, LLC v Mitchell, 123 AD3d 1113, 1114 [2014]). Here, the record is bereft of any evidence that Joutz had any involvement in the instant transaction (see Hutter v Countrywide Bank, N.A., 41 F Supp 3d 363, 373-374 [SD NY 2014]).
 

 Accordingly, the Supreme Court properly granted that branch of the motion of Watermark and Joutz which was for summary judgment dismissing the fourth cause of action insofar as asserted against Joutz, but it erred in granting that branch of the motion which was for summary judgment dismissing that cause of action insofar as asserted against Watermark.
 

 The plaintiff’s remaining contention is not properly before us on this appeal.
 

 Rivera, J.R, Chambers, Duffy and Iannacci, JJ., concur.