Sherman v Sherman (2020 NY Slip Op 05993)





Sherman v Sherman


2020 NY Slip Op 05993


Decided on October 22, 2020


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: October 22, 2020

529346

[*1]Tara Sherman, Respondent,
v
Paul Sherman, Appellant.

Calendar Date: September 9, 2020

Before: Egan Jr., J.P., Mulvey, Devine, Aarons and Colangelo, JJ. 


Law Offices of MaryAnne Bukolt-Ryder, PLLC, Plattsburgh (MaryAnne Bukolt-Ryder of counsel), for appellant.
Assaf & Siegal PLLC, Albany (Michael D. Assaf of counsel), for respondent.



Aarons, J.
Appeals from an order and a judgment of the Supreme Court (Champagne, J.), entered May 20, 2019 and August 23, 2019 in Clinton County, which granted plaintiff's motion to enforce a judgment of divorce.
Plaintiff (hereinafter the wife) and defendant (hereinafter the husband) were married in 2002 and are the parents of two children (born in 2003 and 2006). In September 2017, the parties entered into a separation agreement. Article 3 of that separation agreement, entitled "child support," stated, as relevant here, that the husband would be responsible for $301.30 per week in child support based upon his 41% pro rata share of the parties' combined income. Likewise, under Article 3 of the separation agreement, the husband would be responsible for 41% of "the cost of mutually agreeable extracurricular activities of the children."
Days after the parties executed the separation agreement, the wife commenced a proceeding against the husband in Family Court for an order of support. This proceeding resulted in a November 2017 corrective order of support entered on consent. The corrective order of support differed from the separation agreement in that the parties "voluntarily stipulated to child support for the children payable by [the husband] . . . in the amount of $268.00 weekly." The corrective order of support also did not state anything about payment by the husband for the children's costs for extracurricular activities.
The wife thereafter commenced this divorce action in January 2018, and a judgment of divorce was entered in May 2018. Both the separation agreement and the corrective order of support were incorporated into, but not merged with, the judgment of divorce. The wife, in October 2018, moved for, among other things, enforcement of the judgment of divorce after the husband began paying child support in accordance with the corrective order of support. The wife sought a finding that the husband was in contempt of the judgment of divorce by failing to pay her child support as set forth in the separation agreement, a money judgment for arrears due and owed by the husband and an award of counsel fees. The husband, as relevant here, opposed the motion, arguing that he met his payment obligations by paying the wife all amounts contemplated by the corrective order of support. In a May 2019 order, Supreme Court granted the wife's motion, finding that the husband's child support obligations were to be dictated by the terms of the separation agreement. The court also found the husband to be in contempt of the judgment of divorce by failing to comply with the separation agreement and directed him to pay counsel fees. A money judgment was entered against the husband in November 2019 for arrears in the amount that he was required to pay the wife. These appeals ensued.
The parties dispute whether the husband's payment obligations were governed by the separation agreement, as the wife contends and as Supreme Court found, or the corrective order of support, as the husband maintains. We agree with the husband. Although the parties entered into a separation agreement directing what the husband was to pay for child support, the subsequent judgment of divorce specifically provided that "the child support obligations of the parties hereto shall be as directed by the [c]orrective [o]rder of [s]upport . . . entered on November 16, 2017." A conflict therefore exists between the separation agreement and the subsequently entered judgment of divorce. In such circumstance, the judgment of divorce controls (see Rainbow v Swisher, 72 NY2d 106, 110 [1988]; Weinschneider v Weinschneider, 50 AD3d 1128, 1129 [2008]; Brown v Brown, 255 AD2d 209, 209 [1998]). As such, the husband's payment obligations to the wife must be based upon the terms of the corrective order of support. Furthermore, in the absence of provisions within the corrective order of support related to costs for the children's extracurricular activities, the husband was not required to make such contributions.
Although Family Court was without jurisdiction to modify the terms of the separation agreement (see Kleila v Kleila, 50 NY2d 277, 282 [1980]), the fact that the corrective order of support was denominated as an order by Family Court or that it emanated from a Family Court proceeding does not mean the terms therein are invalid. The parties voluntarily consented to the terms in the corrective order of support. Additionally, there is nothing in the record indicating that the parties disputed any of those terms. Under these circumstances, and because the judgment of divorce specifically stated that the parties' child support obligations were to be determined by the corrective order of support, we are not of the view that Family Court modified the separation agreement.
Regarding the finding of contempt, such finding by Supreme Court was premised on the fact that the husband did not satisfy the terms of the separation agreement. Based upon our determination herein, the contempt finding was erroneous. As to counsel fees, it is not entirely clear from the court's decision whether the court directed the husband to pay counsel fees on the basis that his failure to comply with the judgment of divorce was willful (see Domestic Relations Law § 237 [c]) or whether counsel fees were awarded as a matter of discretion based upon the circumstances of the case and the circumstance of the parties (see Domestic Relations Law §§ 237 [b]; 238). Regardless, an award of counsel fees was not warranted under either basis (see Lutz v Goldstone, 38 AD3d 720, 720-721 [2007]; Epps v Epps, 5 AD3d 903, 905 [2004]; Markhoff v Markhoff, 225 AD2d 1000, 1002 [1996], lv denied 88 NY2d 807 [1996]).
Egan Jr., J.P., Mulvey, Devine and Colangelo, JJ., concur.
ORDERED that the order and judgment are reversed, on the law, without costs, and plaintiff's motion denied.