1710 Realty, LLC v Portabella 308 Utica, LLC (2020 NY Slip Op 07329)





1710 Realty, LLC v Portabella 308 Utica, LLC


2020 NY Slip Op 07329


Decided on December 9, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on December 9, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ALAN D. SCHEINKMAN, P.J.
MARK C. DILLON
HECTOR D. LASALLE
LINDA CHRISTOPHER, JJ.


2018-00375
 (Index No. 516951/16)

[*1]1710 Realty, LLC, respondent, 
v
Portabella 308 Utica, LLC, et al., appellants.


Smith & Shapiro, New York, NY (Harry Shapiro of counsel), for appellants.
Berger Fink LLP, Brooklyn, NY (David M. Berger and Jason M. Fink of counsel), for respondent.



DECISION & ORDER
In an action, inter alia, to recover damages for breach of contract, the defendants appeal from an order of the Supreme Court, Kings County (Debra Silber, J.), dated November 29, 2017. The order, insofar as appealed from, denied the defendants' motion for summary judgment dismissing the complaint and on their counterclaims and granted those branches of the plaintiff's cross motion which were for summary judgment on the issue of liability and dismissing the defendants' affirmative defenses and counterclaims.
ORDERED that the order is modified, on the law, (1) by deleting the provisions thereof denying those branches of the defendants' motion which were for summary judgment dismissing the complaint and on their first counterclaim for the recovery of the security deposit and first month's rent, and substituting therefor provisions granting those branches of the motion, and (2) by deleting the provisions thereof granting those branches of the plaintiff's cross motion which were for summary judgment on the issue of liability and dismissing the defendants' first, second, and fourth affirmative defenses and first counterclaim, and substituting therefor provisions denying those branches of the cross motion; as so modified, the order is affirmed insofar as appealed from, with costs to the defendants.
On December 16, 2015, the plaintiff, 1710 Realty, LLC, as landlord, entered into a commercial lease with the defendant Portabella 308 Utica, LLC (hereinafter Portabella), as tenant, for the lease of certain real property, with the defendant Karl Ashmawy, Portabella's managing member, as guarantor. Section 13.1 of the lease, titled "Landlord's Work," provides that the plaintiff "agrees to deliver to [Portabella] the Demised Premises on the Commencement Date as is," while section 1.2 of the lease, titled "Term," provides that the lease term shall commence on the Commencement Date. Section 2.1 of the lease, titled "Commencement of the Term," provides: "The 'Commencement Date' shall mean the date which is the later to occur of the date that (i) Tenant is delivered occupancy of the Demised Premises in the Delivery Condition (hereinafter defined), (ii) Tenant has been issued permits from the Department of Buildings of New York City in connection with Tenant's Work and (iii) January 15, 201[6]. If the Demised Premises is not delivered within 90 days of the date of this Lease, then Tenant shall have the right to terminate the Lease. The [*2]payment of Rent, including without limitation, Fixed Rent (as hereafter defined) and Additional Rent (as hereinafter defined), shall commence on the date which is two hundred and seventy days after the Commencement Date ('Rent Commencement Date'). For purposes herein, the Delivery Condition shall mean vacant, broom clean and free of the prior tenants['] personal property and fixtures." The lease contains a merger clause.
By letter dated April 19, 2016, Portabella informed the plaintiff that it was exercising its right of termination pursuant to section 2.1 on the ground that the plaintiff had not delivered the premises in the Delivery Condition within 90 days of the date of the lease. On September 26, 2016, the plaintiff commenced the instant action, alleging breach of contract and seeking to recover accelerated rent in the amount of $444,864.00, damages, and attorneys' fees from Portabella and Ashmawy, jointly and severally, claiming that Portabella's April 2016 letter constituted a unilateral surrender of the premises. The defendants answered and asserted affirmative defenses, relying on section 2.1 of the lease and arguing that the plaintiff had failed to meet the Delivery Condition, that Portabella validly terminated the lease, and that Portabella's obligation to pay rent never commenced. The defendants interposed a counterclaim for the return of the security deposit and the first month's rent, asserting that the lease had been validly terminated. The defendants also asserted a counterclaim based on the plaintiff's alleged commingling of the security deposit with its own funds in violation of General Obligations Law § 7-103 and a counterclaim for attorneys' fees.
The defendants moved for summary judgment dismissing the complaint and on their counterclaims. The plaintiff opposed the defendants' motion and cross-moved for summary judgment on the complaint and dismissing the defendants' affirmative defenses and counterclaims. In support of their motion for summary judgment, the defendants submitted an affidavit from Ashmawy in which he asserted that the premises were not made broom-clean within 90 days of the date of the lease. He asserted that the premises contained furniture, boxes, shelving, debris, wood, bicycle wheels, mannequins, tables, chairs, wiring, computer screens, metal hooks, loose lighting fixtures and equipment, metal shelving, stools, counter tops, and other items. According to Ashmawy, there was enough material to fill multiple dumpster containers. He submitted photographs to document the condition. The defendants argued that Portabella had the right to terminate the lease pursuant to section 2.1 since the plaintiff did not deliver occupancy in the Delivery Condition, i.e., vacant, broom-clean, and free of the prior tenant's property, within 90 days of the date of the lease. In opposition to the defendants' motion and in support of its cross motion, the plaintiff acknowledged that a portion of the premises was not broom-clean but categorized that portion as "de minimus." The plaintiff asserted that, pursuant to section 13.1 of the lease, it agreed only to deliver the premises "as is" and that the parties did not intend the premises to be broom-clean because Portabella was to undertake demolition and renovation work provided for in the lease.
The Supreme Court denied the defendants' motion and granted those branches of the plaintiff's cross motion which were for summary judgment on the issue of liability and dismissing the affirmative defenses and counterclaims. The court reasoned that the provision in section 2.1 requiring the plaintiff to deliver the premises broom-clean was modified by the provision in section 13.1 that the premises were to be delivered "as is." The defendants appeal, and we modify.
"When parties set down their agreement in a clear, complete document, their writing should be enforced according to its terms. [This rule has special import] in the context of real property transactions, where commercial certainty is a paramount concern, and where the instrument was negotiated between sophisticated, counseled business people negotiating at arm's length. In such circumstances, courts should be extremely reluctant to interpret an agreement as impliedly stating something which the parties have neglected to specifically include. Hence, courts may not by construction add or excise terms, nor distort the meaning of those used and thereby make a new contract for the parties under the guise of interpreting the writing" (Vermont Teddy Bear Co. v 538 Madison Realty Co., 1 NY3d 470, 475 [internal quotation marks, citations, and alterations omitted]). "In the absence of any ambiguity, we look solely to the language used by the parties to discern the contract's meaning" (id. at 475). "'[W]here two seemingly conflicting contract provisions reasonably can be reconciled, a court is required to do so and to give both effect'" (Moulton Paving, LLC v Town of Poughkeepsie, 98 AD3d 1009, 1012, quoting LI Equity Network, LLC v Village in [*3]the Woods Owners Corp., 79 AD3d 26, 35 [internal quotation marks omitted]).
We disagree with the Supreme Court's determination that the "as is" provision of section 13.1 modified, and effectively eliminated, the "broom clean" requirement set forth in section 2.1. The interpretation of the lease urged by the plaintiff, and accepted by the court, renders the Delivery Condition provision meaningless or without force or effect by excising the requirement that the plaintiff deliver possession vacant, broom-clean, and with the prior tenant's property removed before Portabella's obligation to pay rent begins to run (see Nomura Home Equity Loan, Inc., Series 2006-FM2 v Nomura Credit & Capital, Inc., 30 NY3d 572, 581; Ronnen v Ajax Elec. Motor Corp., 88 NY2d 582, 589).
In our view, the two seemingly contradictory provisions may be reasonably reconciled and effect given to both. The Delivery Condition operated as a condition precedent to the triggering of the Commencement Date. Until the Commencement Date, as defined in the subject lease, occurred, by the plain terms of section 2.1, the lease term did not commence, and Portabella's obligation to pay rent did not begin. In order to trigger the happening of the Commencement Date, the plaintiff had to meet the specific requirements of the Delivery Condition by delivering the premises vacant, broom-clean, and free of the prior tenant's property and fixtures. Section 13.1 is not to the contrary since it required that the premises be delivered on the Commencement Date "as is" and the Commencement Date would not arrive unless the premises were vacant, broom-clean, and free of the property of the prior tenant. Stated differently, the fallacy in the plaintiff's position is that the "as is" condition referred to in section 13.1 is the condition of the premises on the Commencement Date, not the condition of the premises on the date of the lease.
Additionally, we attach significance to the fact that section 13.1, a one-sentence paragraph, is immediately followed by section 13.2, which sets forth in some detail demolition and renovation work to be undertaken by Portabella. The term "as is" as used in section 13.1 can be given its full and intended effect by reading it, together with sections 2.1 and 13.2, as setting forth the parties' agreement that the premises would be rendered vacant and broom-clean by the plaintiff on the Commencement Date, would be delivered "as is" on that date to Portabella, and it would be Portabella, not the plaintiff, that would be responsible for any further work required for Portabella to be able to utilize the premises as intended.
There is no dispute that at least some portion of the premises was not vacant, broom-clean, and free of the prior tenant's property. In support of its motion for summary judgment, Portabella submitted evidence, including photographs, that documented that a substantial amount of material was left in the premises. The plaintiff asserted in the Supreme Court that only a "de minimus" area was not broom-clean, but did not make any effort to quantity or document the extent to which the premises were or were not clean and vacant. The plaintiff did not dispute the defendants' characterization of the amount of material remaining as sufficient to fill multiple dumpster containers. Given the plaintiff's failure to controvert the existence of the conditions depicted in the photographs submitted by the defendants and the estimated quantity of refuse left on the premises, we cannot conclude that the plaintiff's argument that any breach was "de minimus" raises a triable issue of fact. The circumstances here involve far more than just a few trash bags that would need to be carried to the curb (see 1029 Sixth v Riniv Corp., 9 AD3d at 149; see also Akron Meats v 1418 Kitchens, 160 AD2d 242).
Moreover, since the lease specifically requires that the premises be delivered "vacant, broom clean and free of the prior tenants personal property and fixtures" within 90 days of the date of the lease, even if the amount of debris left on the premises consisted of no more than a few bags of trash, Portabella had the absolute right, obtained in the negotiation process, to conclude that the plaintiff's clearance and cleaning of the premises was incomplete and to terminate the lease (see 1029 Sixth v Riniv Corp., 9 AD3d 142, 149). The express obligation to deliver possession of leased premises "broom clean" means, at the very least, that the premises be free of garbage, refuse, trash, and other debris (see Tobin v Gluck, 137 F Supp 3d 278, 299 [ED NY], affd 684 Fed Appx 62 [2d Cir]). The premises here were not free of garbage, debris, and the property of prior tenants.
We therefore conclude that, in view of the plaintiff's failure to deliver the entire premises vacant, broom-clean, and free of the prior tenant's property within 90 days of the signing of the lease, Portabella validly exercised its right to terminate the lease. Having validly terminated the lease, Portabella was entitled to the return of the security deposit and first month's rent, with interest. Thus, the Supreme Court should have awarded the defendants summary judgment on their first counterclaim. In light of our determination that the defendants are entitled to the return of the security deposit with interest pursuant to their first counterclaim, their second counterclaim, which sought the return of the security deposit with interest based on an alleged violation of General Obligations Law § 7-103, is academic.
We disagree with Portabella's contention that it is entitled to recover its attorneys' fees. While the lease contains a provision obligating Portabella to indemnify and hold the plaintiff harmless of damages (including attorneys' fees) in the event of various defaults or breaches by Portabella, the more limited indemnity given by the plaintiff to Portabella does not expressly authorize, or even mention, the recovery of attorneys' fees. Under the general rule, attorneys' fees are incidents of litigation and a prevailing party may not collect them from the loser unless an award is authorized by an agreement between the parties, statute, or court rule. In a contract, a promise to indemnify should not be found unless it is clearly implied from the language and purpose of the entire agreement and the surrounding facts and circumstances (see Hooper Assoc. v AGS Computers, 74 NY2d 487, 491). Here, the indemnification language applicable to the plaintiff's obligation to indemnify Portabella is not so unmistakably clear as to read into the lease the obligation that the plaintiff is to indemnify Portabella for attorneys' fees incurred in a litigation between the parties (see Adesso Café Bar & Grill, Inc. v Burton, 74 AD3d 1253, 1254).
The plaintiff's remaining contentions are without merit.
Accordingly, we modify the order by denying those branches of the plaintiff's cross motion which were for summary judgment on the issue of liability and dismissing the defendants' first, second, and fourth affirmative defenses and first counterclaim, and granting those branches of the defendants' motion which were for summary judgment dismissing the complaint and on their first counterclaim for the recovery of the security deposit and first month's rent.
SCHEINKMAN, P.J., DILLON, LASALLE and CHRISTOPHER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court